## Buren v. Louisville Ry. Co.

Oct. 20, 1942.

642

Woodward, Dawson & Hobson for appellant.

Ogden, Galphin, Tarrant & Street for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Mrs. Louise Buren brought this action against the Louisville Railway Company to recover damages for injuries which she alleged she suffered as the result of the negligent operation of one of defendant's trolley buses. The jury returned a verdict for the defendant, and plaintiff has appealed.

Plaintiff seeks a reversal chiefly on the ground that the evidence does not sustain the verdict. In her petition she alleged that at or about 9 o'clock a. m., July 11, 1940, she was standing on the southeast corner of 28th street and Broadway in Louisville, Kentucky, awaiting the arrival of a trolley bus of appellee, and as the bus approached the intersection it was operated in such negligent manner by appellee's agent that it was caused to strike and knock her down, severely injuring her. On the trial Mrs. Buren testified that she was standing on the sidewalk on the east side of 28th street near its intersection with Broadway waiting to take a bus going north. As the bus approached the intersection it swerved to the right and struck her, knocking her down. She admitted that three women who were waiting to take a bus were standing to the left of her and in the direction from which the bus would come. One of them stepped off the curb and out into the street, and remarked that a bus was approaching. These three women and a man who was standing on the sidewalk near appellant testified for appellee. All of them testified that the bus did not strike

Mrs. Buren. According to their testimony she stepped off the sidewalk onto the street, and Mrs. Amanda Schmidt, an elderly woman, said: "Lady, don't walk out in the street." Mrs. Buren backed toward the sidewalk, tripped on the curb and fell. The bus stopped more than five feet south of the place where Mrs. Buren fell, and Ethel Jean Bowles, a great-niece of Mrs. Schmidt, was standing just off the curb between Mrs. Buren and the bus. Leonard Lockhard, operator of the bus, testified that as he approached the intersection an elderly lady walked out into the street. She started back to the sidewalk, and fell just as she reached the curb. The bus was stopped several feet from where she was lying. Several witnesses testified that she said it was just an accident and was not the driver's fault.

Counsel for appellant concede that she was the only witness who testified that the bus struck her, and that five witnesses, four of them disinterested so far as this record discloses, testified positively that it did not strike her, but they contend that the undisputed evidence shows that she had a bruise on her left knee and, since she admittedly fell on her right side fracturing her right wrist, the bruise could have been caused only by the bus striking her, and the fact that she had this bruise renders unworthy of belief the testimony of the five eyewitnesses introduced by appellee. They invoke the rule that a jury will not be permitted to rest a verdict on testimony at variance with well-established and universally recognized physical and mechanical laws. It is argued that the bruise on appellant's left knee is a physical fact which convincingly disproves the theory of the case presented by appellee; that is, that appellant backed into the curb, tripped, and fell on the sidewalk, throwing her weight on her right arm. It is said in brief: "It is well-established physical law that there can be no bruise to a person's left knee unless the left knee is in some way struck." That is true, but counsel assume that the bruise on appellant's knee was received at the time of the accident when it may have been received before or after the accident, but, more important than that, we are unable to agree with counsels' argument that it was physically impossible for appellant to have had the bruise inflicted at the time of the accident unless it was inflicted by the bus striking her. Five witnesses testified that she backed into the curb, tripped and fell. Some of them stated that she fell with her weight on her right hand. No one at-

tempted to give a detailed account of the manner of her fall. The fact that she may have suffered a fracture to her right wrist and a bruise on her left knee in the same accident does not preclude the possibility that she may have received both injuries in the fall. She may have fallen with a twisting motion and struck her left knee and at the same time injured her right wrist. In any event, that was a question for the jury to determine. Certainly the nature of appellant's injuries does not render unworthy of belief the testimony of the witnesses who stated positively that the bus did not strike her. Their testimony is not at variance with any well-established or universally recognized physical law.

Appellant complains of instruction No. 1 because it required the jury to believe that Mrs. Buren was standing "on the sidewalk in the loading zone for passengers at the southeast corner of 28th street and Broadway." It is argued that much of the testimony referred to the curbing, and that the instruction should have referred to the curbing as well as the sidewalk. Mrs. Buren testified that she was standing on the sidewalk when she was struck. The testimony and the photographs introduced in evidence show that the curbing is narrow and flush with the sidewalk and really a part of the sidewalk. The appellant was not prejudiced by failure of the court to use the word "curbing" in the instruction.

It is finally insisted that the verdict is so uncertain and confusing that it cannot be understood and is contrary to the instruction given by the trial court in that it shows that the jury based its verdict on the contributory negligence of appellant when no such issue was submitted. The verdict reads:

"No. 265916                    Louisville, Ky.
"To the court:                January 29, 1941
    "We the Jury unanimously find the defendant Louisville Railway Co., and their Agent harmless, and independent from damage, pain, and suffering, mental, and physical and loss of compensation, as filed by the plaintiff, Mrs. Louise Buren, whom we believe suffered such damage due to her own negligence.

            "Respectfully Submitted
            "(Signed) Elmer H. Stevens, Foreman."

Much of the jury's finding is mere surplusage, but

when the verdict is read it is not difficult to ascertain what the jury meant. They clearly meant that the defendant was not guilty of negligence. The verdict is not expressed in artistic language, but there is no uncertainty in its meaning. In Pittsburgh, C.,. C. & St. L. R. Co. v. Darlington's Adm'r, 129 Ky. 266, 111 S. W. 360, 361, the verdict was not artistically expressed and contained surplusage, but, in disallowing the contention that it was invalid because of uncertainty, the court said:

> "Jurors are gathered from every walk of life. Very frequently, perhaps most generally, they are not men of literary learning. Their choice of expressions is very apt to be not exact; their verdicts being frequently ungrammatical and rarely couched in the terminology of the law. Hence courts view the findings of the jury with great leniency, and every reasonable presumption is indulged in aid of a general verdict. The main thing is to get an understanding of what the jury intended. Their intent is to be sought for in the language they used in their verdict, interpreted in the light of the record. Resort may be had to the pleadings or other parts of the record to see what the jury meant by their verdict."

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.