## SELLERS v. GREENWOOD et al.
### C. A. No. 2532.

United States District Court
E. D. South Carolina, Columbia Division.
Jan. 5, 1951.

Henry H. Edens, Columbia, S. C., Murchison & West, Camden, S. C., for plaintiff.

Sloan & Sloan and W. C. Boyd, all of Columbia, S. C., Savage & Marion, Camden, S. C., for defendant.

WYCHE, Chief Judge.

The above case is now before me upon motion of the plaintiff for a new trial on the sole ground that the damages awarded by the jury were totally inadequate.

There is no question in my mind but that the plaintiff proved a clear case of liability and if the jury had found a verdict for the defendant I would have unhesitatingly set the verdict aside. Furthermore, I believe that the plaintiff suffered serious injuries to her back and that she did not exaggerate her injuries. However, there was substantial evidence to the contrary.

In the case of Jones v. Atlantic Refining Co., 55 F.Supp. 17, 20, I was sitting by designation in the United States District Court for the Eastern District of Pennsylvania, and went fully and extensively into the question of the court's power to set aside verdicts for excessiveness, in which I said, among other things: "When there is any margin for a reasonable difference of opinion in the matter, the view of the court should yield to the verdict of the jury, rather than the contrary. Smith v. Pittsburgh & W. R. Co., C. C., 90 F. 783. The court must respect the verdict of the jury in fact as well as in pretense or theory and must not interfere or substitute its own judgment for that of the jurors, for to do so would violate a constitutional privilege to have the fair verdict of the jury and not the fair judgment of the court. However, it may be expressed by a court, summarized, the rule is that, the trial judge will not interfere with a jury's verdict simply because it is greater than his own estimate; only where the verdict is so grossly excessive as to shock the conscience of the court and clearly manifest that it was the result of caprice, passion, partiality, prejudice, corruption, or other improper motives, will the court intervene; and the theory always is that a court will not set aside a verdict on this ground in an action of this character except in extreme and exceptional cases."

The reasoning of the courts upon the question of setting aside verdicts on the ground of excessiveness applies with like effect to the power of the courts to set aside verdicts for inadequacy.

If I had tried this case without a jury I would have awarded the plaintiff an amount much greater than that awarded her by the jury, but since there was substan-

'tial testimony to sustain the conclusion of the jury in awarding its verdict for a lesser amount, I do not feel that I would be justified in granting a new trial on the ground of inadequacy of the damages awarded.

It is my opinion that the motion for a new trial should be refused, and

It is so ordered.