## ALLEN v. LARGE.

Court of Appeals of Kentucky.
Feb. 23, 1951.
As Modified on Denial of Rehearing
May 15, 1951.

Simeon S. Willis, C. M. Russell, Ashland, C. H. Bruce, Greenup, for appellant.

Coldiron & Warnock, Greenup, for appellee.

STEWART, Justice.

Appellant, Ermal Allen, instituted this action in the Greenup Circuit Court to recover $1000 damage to his automobile, $220 for the loss of use thereof, and $30 for expenses incurred, or the total sum of $1250, as a result of the collision of his Ford Club coupe with a Kaiser-Frazier automobile owned and driven by appellee, Chester A. Large, on November 15, 1948, at approximately 8:15 p. m., in Raceland, Kentucky, on U. S. Highway No. 23, at or just west of the intersection of the Highway with Center street. Large, in his answer, denied generally that his alleged negligence caused the accident, plead contributory negligence on Allen's part, and sought by counterclaim $1500 damage to his automobile and $100 for 20 days' loss of use of his car, or the aggregate amount of $1600, from Allen.

Allen's evidence disclosed that, on the occasion of the accident, he was driving west in Raceland on the above Highway, traveling at a speed of not greater than 10 miles per hour. He was searching for one Ronnie Cox. He had just crossed the intersection of Center street and was in front of a restaurant at the northwest corner of the Highway and Center street. Here he saw two boys across the Highway in front of a theater and he hollered to them, inquiring where he could find Ronnie Cox. One of them yelled for him to park down the street and they would take him to Cox' home. At that moment, he heard a noise to his rear, looked in his mirror, tried to brace himself as he realized his peril, and, as Allen described the accident, "he was into the rear of my car." Allen's automobile, he states, was knocked over into a vacant lot just beyond the restaurant, a distance of 51 feet from where he was hit by the Large vehicle.

Large testified that, prior to the accident, he was traveling west on the Highway at about thirty-five miles per hour. As he approached the intersection of the Highway with Center street, a passenger bus pulled out in front of him from the north on the latter street, turned at slow speed through the intersection, and proceeded east on the Highway. He slowed down thirteen steps

away to give the bus time to get out of the intersection, he said. When the bus cleared the intersection, he stated he was only sixteen feet away from Allen's car when he first saw it; so close he could not avoid colliding with it. At first he testified that Allen's automobile was double parked. Later on he said: "I couldn't tell whether it was in motion or not, but I don't think it was in motion."

At the conclusion of the trial, the jury returned a verdict of $200 for Allen. The defendant recovered nothing on his counterclaim. His motion and grounds for a new trial were overruled by the lower court, and Allen seeks a reversal of the judgment below on two grounds: (1) That the damages of $200 allowed appellant was wholly inadequate and contrary to the evidence introduced at the trial and to the instructions given by the court; and (2) that instructions numbered 6, 7 and 8 were erroneous, prejudicial and misleading and the evidence introduced at the trial did not furnish any basis for such instructions. Finally, if the judgment of the lower court is reversed appellant's counsel ask that this Court award a new trial upon the question of damages alone.

The first question before us is whether Allen established his cause of action by sufficient proof and, if so, was the verdict of the jury so inadequate as to indicate that it ignored the proof and the law of his case? Section 340(4) of the Civil Code of Practice provides, in part, that a new trial may be granted where excessive or inadequate damages have been awarded by a jury in disregard of the evidence or the instructions of the court.

The rule of law is well founded in this forum that where the damages can be measured, and the verdict of the jury is such as to demonstrate that the proof was disregarded, and the law of the case, as embodied in the instructions, was disobeyed, the verdict should be set aside and a new trial granted, if appellant was entitled to recover at all. Ray v. Jeffries, 86 Ky. 367, 5 S.W. 867; Dunn v. Bluegrass Realty Co., 163 Ky. 384, 173 S.W. 1122; Schriewer v. Schworer, 296 Ky. 749, 178 S.W.2d 598;

Wall v. Van Meter, 311 Ky. 198, 223 S.W. 2d 734.

The accident occurred in the business section of Raceland and, at the time it happened, it is uncontradicted that Large was driving recklessly and at an excessive rate of speed. There was testimony that he had been drinking to some extent just prior to the accident, although there is no proof that he was intoxicated when the wreck occurred. Cars were parked in front of the restaurant where the two automobiles collided, thus making the lane of traffic on the Highway about 20 feet in width. On reaching the intersection of Center street with the Highway, it became necessary for Large to change his course to the south, or to his left, to avoid striking the automobiles parked on the north side of the Highway in the manner above described and in order to get into another lane of traffic. The violence of the impact of the two automobiles strongly indicated that Large's car was out of control.

It was not contradicted at the trial that Allen's damage to his automobile was extensive, as shown by a repair bill of $779.20. The automobile mechanic, who was acquainted with appellant's car before and after the accident and who did all the repair work on it, fixed the value of the automobile just prior to the accident at from $1300 to $1350 and just after the collision at $300, and he further explained that, even after the extensive repairs made by him on the car, it was still not in as good condition as it was before the wreck. Allen also properly proved his damage for the loss of the use of the automobile according to the rule laid down in the case of L. & I. Ry. Co. v. Schuester, 183 Ky. 504, 209 S.W. 542, 4 A.L.R. 1344. His claim also for miscellaneous damage was not disproved.

Since the jury returned a verdict of damages only for appellant, it is manifest that it found that appellee was negligent and that Allen was not guilty of contributory negligence. After a review of the entire record in this cause, we have concluded that the jury awarded Allen inadequate damages and acted in disregard of the evidence and

the instructions of the circuit court in assessing appellant's damages.

The first five instructions given by the lower court were not excepted to by either of the parties. Appellant contends that Instructions 6, 7 and 8 should not have been given by the lower court, because the evidence at the trial of the cause was insufficient to sustain the giving of them. Instruction No. 6 given stated that it was the duty of Allen, at the time and place referred to in the evidence, to exercise ordinary care generally and to so run and operate his automobile as not to bring it into collision with other vehicles using the Highway at that time and place. The first two paragraphs of Instruction No. 7 given said in substance that it was the duty of Allen not to stop or leave his automobile standing upon the main traveled portion of U. S. Highway No. 23 so as to obstruct the traffic thereon and generally to exercise ordinary care in such matters as to avoid injury to the property of persons using the streets; and, if Allen failed to perform any of the duties mentioned in this instruction, and by reason of such negligence, he caused the accident, then the jury was directed to find for Large. The third paragraph of this instruction set forth the measure of damages, not exceeding $850, Large would be entitled to, should the jury find for him. Instruction No. 8 given told the jury that, if it found that both Allen and Large were negligent and that their combined negligence caused the collision between the two automobiles, then it should find for neither.

As to Instruction No. 6, the court fully instructed the jury in Instruction No. 1 as to plaintiff's duty at the time and place referred to in the evidence, and the proof in the record does not disclose that Allen operated his car so as to bring it into collision with other vehicles on the Highway. As regards Instruction No. 7, the proof did not establish the fact that Allen's automobile was stopped or was left standing on the Highway at the time of the accident. The evidence does not in any wise impute contributory negligence to Allen with reference to the manner in which he was operating his automobile when the two cars collided, so as to warrant the giving of Instruction No. 8 by the trial judge. Appellee relies upon the admission appellant made at a former trial to the effect that he had backed out from a parked position and had started again when he saw the two boys in front of the theater as evidence in support of his contention that appellant stopped on the Highway. This evidence was employed to attack Allen's credibility as a witness.

Proper exceptions were taken to each of these instructions by Allen's counsel. We believe the three instructions should not have been given, because there was no substantial proof in the record of this action to support or uphold them. We quote from Sec. 765, page 1033, of Stanley's Instructions to Juries: "Instructions must be based upon the evidence and given to suit the case being tried. It is the duty of the court to instruct upon every phase represented by the evidence or which is deducible from the testimony or supported by it to any extent. Conversely, the jury should not be instructed upon a theory of the case not sustained by the evidence, or upon a theory opposed to the evidence."

Under the circumstances, the giving of these instructions was misleading and prejudicial to appellant's cause. Upon the retrial of this action, if the proof is materially similar, these three instructions should not be given.

We cannot subscribe to the view of the appellant that, in reversing the judgment of the lower court, we should award a new trial upon the question of damages only. We believe the rule applicable to this cause is set forth in 3 Am. Jur., Appeal and Error, Sec, 1228, pg. 726, as follows: "The fact that the reviewing court possesses power, where the error necessitating a new trial relates to only one or more of the issues, to limit the new trial to the issue or issues as to which the error occurred, does not mean that the court should do this in all cases where the error relates to a part only of the issues. The right to limit the issues when ordering a new trial should be exercised only when it is clear that no injustice will result from

so doing. As much more of the case must be retried as may be necessary in order to afford the parties a fair trial. * * * Generally, it may be said that before a partial new trial may properly be granted, it should clearly appear that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice and without danger of complication with other matters."

█ █ The opinion of Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917, held in a negligence action, in which the defendant filed a counterclaim, that upon a reversal of plaintiff's judgment in the circuit court because the general damages awarded plaintiff were inadequate, the case should be tried de novo and not merely on the question of general damages. It was also said in this decision that the defendant, in a retrial of the action, might be able to convince the jury that he was not negligent or to produce evidence that might even result in a verdict in his favor on his counterclaim. The defendant should not be deprived of this right, the opinion further declared. We believe the case at bar fits in with the rule adhered to in the Drury case, and there should not be a partial new trial.

Wherefore, the judgment is reversed and the cause is remanded for a new trial and for proceedings consistent herewith.