**DANIELS v. CENTRAL TRUCKAWAY SYSTEM, Inc.**

**SHACKELFORD v. CENTRAL TRUCK-AWAY SYSTEM, Inc., et al.**

Court of Appeals of Kentucky.

Nov. 21, 1952.

James W. Smith, Smith, Denham & Gillis, Middlesboro, Lay & Knuckles, Pineville, for appellants.

John L. Davis, Lexington, Patterson & Wilson, Pineville, for appellees.

STANLEY, Commissioner.

Clarence Daniels and Newton Shackelford filed separate suits for damages against Central Truckaway System, Inc.,

and its agent William R. Reynolds for personal injuries sustained in a collision between an automobile and a truck-trailer at the edge of Middlesboro on the afternoon of June 3, 1950. The cases were tried together, but separate instructions were given. They were the same except that an instruction on contributory negligence was given in the Shackelford case, which was marked "G," and none was given in the Daniels case since he was a guest in Shackelford's car. The verdict reads: "We the jury do agree and find for the defendant under instruction 'G' in both cases." Judgments for the defendants were entered in accordance with the verdict. The plaintiffs prosecute appeals.

■ In the Daniels case it is apparent that the jury regarded the instructions given in the Shackelford case. It is well settled that the jury is bound to accept and apply the law as contained in the instructions. If it does not, the verdict will be set aside as contrary to law within the provision of Sec. 340(6) of the Civil Code of Practice. See Sec. 35, Stanley's Instructions to Juries. The cases cited support the text. Lynch v. Snead Architectural Iron Works, 132 Ky. 241, 116 S.W. 693, 21 L.R.S.,N.S., 852; Cooper v. Girdler, 239 Ky. 565, 39 S.W.2d 1009; Louisville Water Co. v. Bowers, 251 Ky. 71, 64 S.W.2d 444.

■ We cannot accede to the appellees' proposition that the verdict was merely improper in form and that Daniels waived the impropriety by not seeking to have it corrected before the jury was discharged. See Adams v. Commonwealth, ex rel., 285 Ky. 38, 146 S.W.2d 7. The verdict is not like that returned in Buren v. Louisville Railway Co., 291 Ky. 641, 165 S.W.2d 352, which definitely found for the defendant upon the ground that the plaintiff alone was negligent. Though containing surplusage it conformed to the instructions. A verdict is sufficient in form if it expresses the decision of the jury on the issues submitted to it so as to enable the court to render judgment thereon. Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336. In the instant case the verdict is easily understood. The error

goes far beyond any classification of mere irregularity. The jury definitely and specifically found against Daniels upon a ground not in issue and not submitted to it, viz. contributory negligence. As in Wall v. Van Meter, 311 Ky. 198, 223 S.W. 2d 734, 736, 20 A.L.R.2d 272, " * * * we have no irregularity in the verdict but an ignoring of the fundamental law given the jury by the court in its instructions." And as stated in Cooper v. Girdler, supra, 239 Ky. 565, 39 S.W.2d 1009, 1012, "It was not based on, or consistent with, the pleadings or the evidence, and was in direct conflict with the instructions of the court which was the law."

■ Nor can we agree that the appellant may not complain of the error because the specification in his motion for a new trial is not sufficient in scope to embrace it. In this relation, it is that the verdict is "contrary to law, for the reason that the evidence does not support the defendant's pleadings and because the evidence does not justify the verdict with respect to the instructions given by the court herein." As stated above, a verdict contrary to the instructions constitutes an error of law. The statement is in effect and meaning that the verdict was contrary to the pleadings and evidence as measured by the instructions. There was no pleading or proof of contributory negligence on the part of Daniels or instruction thereon. We think the ground, though inartistically stated, was sufficient.

Finally, to escape the effect of the error, the appellees submit they were entitled to a directed verdict, so there was no prejudice. We consider the point in connection with the argument of the appellant Shackelford that he was entitled to a peremptory instruction in his favor.

■ The sole ground upon which Shackelford claims a reversal of the adverse judgment is that the verdict is not supported by credible evidence. The accident occurred at what is called by some of the witnesses "Dead Man's Curve." Tannery Road, on which the plaintiffs were traveling, comes from the west into U. S. Highway No. 25 on which the defendant's truck was traveling southwardly. The road di-

vides like the arms of a Y, so that it joins the highway on a tangent. A car moving onto the highway to go northwardly, as the plaintiffs intended to go, crosses to the east side at an angle. The evidence in behalf of the plaintiffs was that Shackelford came to a complete stop before entering the highway. He saw the truck loaded with automobiles coming southwardly some 700 yards away. He started in low and moved into second gear as he crossed the highway and had turned to his left on his right-hand side (east) when the truck bore down upon him at a speed of 60 or 65 m. p. h., and crossed the middle line and headed directly into his automobile. He turned off to his right so far that his right-hand wheels were on the gravel berm. Daniels' testimony is substantially the same. He testified that when he regained consciousness in a hospital, the driver of the truck was present. When he asked him "how come him to come over on us," he said "he was sorry, he couldn't help it, there was something the matter with his brakes." Reynolds denied the statement but admitted that the brakes on the truck had become locked several miles north of Pineville. However, they had been repaired in that city and were afterwards all right. The appellants point to the testimony of Reynolds that when he saw the car coming onto or across the highway he "gave it the gas, hit my brakes and bore to the left" in order to avert the collision. It is argued that had he turned to his right he would have avoided it, whereas turning to his left to the wrong side of the road caused the accident. There is other testimony tending to corroborate the plaintiffs as to the point of collision being on the east side of the highway or perhaps beyond the center.

On the other side, the testimony of Reynolds and other witnesses, who apparently were distinterested, is to the effect that Shackelford did not stop at the intersection where there was a stop sign and a white line across the road for emphasis, and drove directly into the path of the oncoming truck. The statement of Reynolds at the hospital is of doubtful competency against his employer, See Square Deal Cartage Co. v. Smith's Adm'r, 307 Ky. 135, 210 S.W.2d 340 but no point of it is made here. The so-called physical facts do not point unerringly to the absence of negligence on the part of Shackelford.

The direct conflict in the evidence made the case one for the jury. Hence the argument of the appellee Daniels that the failure of the jury to return a true verdict was not prejudicial, and the argument of the appellant Shackelford that it was error not to direct a verdict in his favor are without merit.

On the appeal of Daniels the judgment is reversed. On the appeal of Shackelford it is affirmed.