**Ruby C. SMITH, Appellant,**

v.

**W. A. WEBBER et al., Partners, d/b/a Webber Sausage Co., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1955.

H. M. Tye, J. J. Tye, Barbourville, for appellant.

Lester L. Parrott, Barbourville, for appellee.

H. R. Wilhoit, Grayson, for appellant.

T. D. Theobald, Jr., Grayson, for appel-
lees.

STANLEY, Commissioner.

In this action and counterclaim for damages resulting from a collision of trucks, the evidence as to the negligence of the respective drivers was conflicting. The plaintiffs, who are now the appellees, W. A. Webber, et al., partners d. b. a. Webber Sausage Company, instituted the suit to recover damages to their truck and for loss of its use. Ruby Smith, the owner and driver of the other truck, counterclaimed for damages for personal injuries, hospital and medical expenses incurred and damage to his truck. The instructions submitted the several claims for damage. The verdict was for Smith in the sum of $500, stated to be "damage for hospital doctor." His appeal from the judgment is on the ground of inadequacy of the award, and failure of the jury to follow the instructions of the court.

The point is well taken. The verdict is inconsistent for in order to return a verdict for Smith, the jury must have found Webber's driver negligent and Smith free from contributory negligence and upon such finding the jury must have awarded him damages consistent with the proof. There was no contradiction that Smith received personal injuries with resulting pain and suffering which incapacitated him for a while and required the expenditures for a doctor and hospital as well as $1,235 damages to his new truck.

Where a verdict is materially inconsistent or incongruous, it should, as a rule, be set aside and a new trial granted. This is upon the idea that the verdict is contrary to the evidence and the law for which a new trial is authorized by CR 59.01 (6), which is like Sec. 340(6) of the Civil Code of Practice. Malone's Ex'x v. Chesapeake & O. Railway Co., 249 Ky. 832, 61 S.W.2d 876. In returning such a verdict the jury has not accepted and applied the law as contained in the instructions. Daniels v. Central Truckaway System, Ky., 253 S.W.2d 1. Upon this ground we have reversed judgments resting upon verdicts like the one at bar where the jury found the defendant liable in damages but limited the award to medical expenses, and gave nothing for the results of the accident which made it necessary for the injured party to incur those expenses. Wall v. VanMeter, 311 Ky. 198, 223 S.W.2d 734,

20 A.L.R.2d 272; Allen v. Large, Ky., 239 S.W.2d 225; Biggs v. Toone, Ky., 244 S.W.2d 443. Therefore, the trial court should have set aside the verdict and ordered a new trial.

The appellant argues that upon a return of the case solely because of the inadequacy of damages, this court should direct that upon another trial the issue be restricted to fixing the amount of damages sustained by him since a jury under proper instructions has already found the cross-defendants guilty of negligence which proximately caused the damage. Before the adoption of the Civil Rules of Practice and Procedure, it was the prevailing rule in this jurisdiction that a new trial upon reversal of a judgment was tried de novo with a few exceptions not applicable to personal injury cases and where the classes of damage were easily severable. Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917; Allen v. Large, Ky., 239 S.W.2d 225. The appellant submits that CR 59.01 provides for such partial retrial since it declares that, "A new trial may be granted * * * on all or part of the issues", which is different from the provision of Sec. 340 of the Civil Code. This feature of the rule follows corresponding Federal Rule 59, 28 U.S.C.A. In Yates v. Dann, D.C., 11 F.R.D. 386, the jury had awarded the plaintiff a sum for loss of wages but nothing for pain and suffering or impairment of earning power. In granting a new trial, the court limited it solely to the issue of damages. In Atkins v. Dixie Greyhound Lines, 5 Cir., 143 F.2d 477, there was a verdict for compensatory damages for false imprisonment. The Circuit Court of Appeals, Fifth Circuit, held that the issue of punitive damages should have been submitted and directed that another trial should be confined to the issue of the amount of such damages. The appellant relies upon these cases.

It is a matter of discretion whether the court shall direct only a partial retrial. That should be done only when it is clear that no injustice will result from so doing. Especially it should not be directed where it appears the verdict was the product of compromise. That may be readily inferred where the damages awarded are grossly inadequate or the verdict is incongruous. Such verdict is tainted with illegality since the jury disregarded the instructions as to damages and that fact casts a suspicion on the entire verdict. In such a case, a new trial should be ordered upon all issues. Thus, in Schuerholz v. Roach, 4 Cir., 58 F.2d 32, 34, certiorari denied 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541, where the plaintiff sued for loss of his eye as a result of a bottled drink exploding, the court said that a verdict of $625 for loss of an eye could give rise to only one inference—that it did not represent a fair estimate of the plaintiff's loss, but merely a difference of opinion among jurors as to defendant's liability and a compromise of controversy at the expense of both litigants. The court went on to say, "Such a finding ought not to stand. It ought to be set aside not only as to damages, but as to liability, for it speaks with no greater authority on the one subject than on the other." Other cases supporting this conclusion are collected in Annotations, 98 A.L.R. 941 and 28 A.L.R.2d 1199.

To direct a re-trial restricted to the issue of damages would be to affirm the judgment in all respects except as to the amount of damages. We do not regard this as appropriate in this case. It is doubtful that the issue of damages is so distinct and separable from the issue of negligence of both or either party that a new trial could be fairly had without the jury having the whole case before them. The reversible error was not the result of any ruling by the court or the instructions but was committed by the jury itself in considering its verdict. In such a case it is difficult to say that the entire verdict was not affected by the cause from which resulted the error in awarding damages. 39 Am.Jur., New Trial, Sec. 22.

The judgment is reversed for a new trial de novo.