200

Lora Mae MARTIN, Plaintiff,

v.

Howard PAYTON, Defendant.

No. 581.

United States District Court
W. D. Kentucky,
Bowling Green Division.

Feb. 21, 1957.

Davis Williams, George M. Lang, Munfordville, Ky., for plaintiff.

Rodman W. Keenon, C. W. Swinford, of Stoll, Keenon & Park, Lexington, Ky., Robert M. Coleman of Coleman, Harlin & Orendorf, Harold W. Ricketts, Bowling Green, Ky., for defendant.

SWINFORD, District Judge.

This case is before the court on the motion of the plaintiff to grant a new trial on the single issue of the amount of damages.

The case grows out of an automobile collision between the car operated by the plaintiff and one operated by the defendant. The issues were tried by a jury and the jury awarded the plaintiff damages in the sum of $1,500. At the trial the plaintiff offered proof to the effect that her medical expenses amounted to $145 and damage to her automobile amounted to $1,350. She testified at the time of the accident she was employed in the school lunch service and was earning $3.50 per day. She testified that she lost several weeks of this employment by reason of the injuries; that she suffered great physical pain and mental anguish and had not at the time of the trial recovered from her injuries. The accident occurred on June 1, 1956, and the plaintiff gave her testimony during the trial of the case on November 30, 1956.

In corroboration of her testimony of mental anguish, physical suffering and continued impairment of her power to earn money she offered the testimony of Dr. Vincent Corrao. Dr. Carrao qualified as to his competence as a practicing physician for many years and testified that he had made a physical examination of the plaintiff on the day of the accident and after it occurred. From this examination he stated that there was a traumatic low back pain, some pain over the back of the neck, cervical spine, and pain over the dorsal spine; that there was strain and pain of the left shoulder, left arm, and a numbness over and an inability to use the arm for about two weeks because of irritation of the nerves of the arm. He said that she had bruises over the right knee, considerable shock, and, in his judgment, a certain degree of concussion. The doctor testified that in addition to his objective and subjective examination he took X-rays but that there was no fracture disclosed. He testified that he prescribed medicine to relieve the pain and gave a shot of penicillin to relieve the shock and for the general condition of the spine. He also gave diathermy treatments. The witness stated that he had seen the plaintiff as a result of her accident on numerous occasions. His records disclosed that he had seen her on June 1 (the day of the accident), June 2, 4, 8, 11, 13, 15, 18, 20 and 22, and July 2, 5, 7, 9, 17, 19, 27 and 30; that he had not seen her since July 30 until shortly before the trial.

Dr. Corrao further testified that in his opinion the plaintiff was permanently disabled as a result of the injuries; that that disability was in his judgment 50%, due primarily to the injury in her back or as he stated, "strain in her spine, in the lower part of her back". He stated that she would continue to suffer as a result of the injuries and that her condition might grow progressively worse; that she was confined to the bed fre-

quently, unable to do anything because she could not lift nor stoop down; that her condition might require more diathermy treatments and possibly require her to wear a brace for her back.

On this motion for a new trial it is necessary to attempt to analyze the reasonings and findings of the jury as indicated by the amount of the verdict. The amount of the doctor's bills of $145 was not disputed. A witness, as I recall, Truman Meadows, qualified and testified that Mrs. Martin's car was damaged to the extent of $1,350. He placed a value of $1,500 on the car immediately before the accident and a value of $150 immediately after the accident. It is suggested by counsel for the defense that the testimony as to the value of the car was rather weak. That may be true, but it was the only competent testimony offered by either side on this point. Consequently, it is reasonable to assume that the jury accepted it and fixed the value of the car at $1,350. If we add the medical expenses and the value of the car we have a sum of $1,495. This would leave an award of $5 for all of the physical and mental suffering incurred by the plaintiff to say nothing of any permanent injury or loss of time which she claimed and on which she offered proof. While permanent injury might be considered as insufficiently established there can be no question but that she did lose time at her work with a consequent reduction of earnings of several times five dollars.

To invade the province of a jury and set aside its findings is a thing which judges hesitate to do. Under our system of jurisprudence jury verdicts are respected.

It is not possible for the court to say what reasoning was exercised by the jury in arriving at its verdict. There was a counterclaim for damages to the defendant's car and proof to the effect that that damage amounted to $400. It is entirely possible that the jury was of the opinion that Mrs. Martin had not suffered the personal injury to the extent of which she complained. The jurors saw her in the courtroom and heard her testify. Notwithstanding the medical testimony offered in her behalf, they had a right to find, if it was their considered opinion, that she suffered practically no physical injury. It may have been that the jury reasoned to award $400 for the damage to the defendant's car, making a total award to Mrs. Martin of $1900, crediting it or deducting from it the amount of damage to the defendant's car. That would, however, have been contrary to the instructions of the court as it would not have been possible to award the defendant damages and at the same time return a verdict for the plaintiff.

While it is the duty of the court to respect the verdict of a jury there is an equal duty to set aside that verdict when it is contrary to the court's instructions. The following, quoted from the case of Smith v. Webber, Ky., 282 S.W.2d 346, 347, fully expresses the rule and reasons for its application:

"Where a verdict is materially inconsistent or incongruous, it should, as a rule, be set aside and a new trial granted. This is upon the idea that the verdict is contrary to the evidence and the law for which a new trial is authorized by CR 59.01(6), which is like Sec. 340(6) of the Civil Code of Practice. Malone's Ex'x v. Chesapeake & O. Railway Co., 249 Ky. 832, 61 S.W.2d 876. In returning such a verdict the jury has not accepted and applied the law as contained in the instructions. Daniels v. Central Truckaway System, Ky., 253 S.W.2d 1. Upon this ground we have reversed judgments resting upon verdicts like the one at bar where the jury found the defendant liable in damages but limited the award to medical expenses, and gave nothing for the results of the accident which made it necessary for the injured party to incur those

expenses. Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R. 2d 272; Allen v. Large, Ky., 239 S.W.2d 225; Biggs v. Toone, Ky., 244 S.W.2d 443."

 If the plaintiff was entitled to recover special damages, she was entitled to recover in a general verdict for the pain and suffering which caused the expense which the special damages covered. The $145 doctor bill could not possibly have been rightfully incurred if she had not had the injury. The jurors cannot impeach their own verdict. Stetson v. Stindt, 3 Cir., 279 F. 209, 23 A.L.R. 302.

 Where damages awarded are grossly inadequate the matter of a new trial addresses itself to the judicial discretion of the court. Kos v. Baltimore & O. R. Co., 6 Cir., 28 F.2d 872; Hutton v. Norfolk & W. Ry. Co., 6 Cir., 28 F.2d 874.

 I am of the opinion that the verdict is clearly erroneous and that the plaintiff is entitled to a new trial.

 The next question to be determined is whether or not the case should be tried de novo or retried on the sole issue of the proper amount of damages to be awarded. A new trial may be granted to a party on all or part of the issues where there has been a trial by jury. Rule 59(a), Rules of Civil Procedure, 28 U.S.C.A. This rule has been recognized as an innovation in the practice of cases and as a progressive step in the administration of justice. It may be assumed that it was scrutinized and tested by all legal reasoning before it became a part of the law of procedure. Personally I question its freedom from fault and frequent abuse. It occurs to me that if a new trial is granted on the theory that the jury ignored the instructions of the court, it is difficult to say simultaneously that the jury respected and followed the instructions of the court in all except one point. I must, however, apply the law as it is and not as I might suggest it should be.

The facts in the case at bar are such that I am convinced that the jury was of the opinion that the defendant was negligent in the operation of his automobile at the time and place of the injury complained of. The plaintiff had an abundance of proof in support of her allegation of negligence. The defendant offered his own testimony and that of other witnesses in support of his claim of no negligence on his part and of contributory negligence on the part of the plaintiff. He was represented by able counsel and the issue of negligence was carefully and thoroughly tried.

The defendant insists that the motion for a new trial should be overruled, but infers that if a new trial is granted it should be a trial de novo and not merely on the issue of damages. He cites the case of Smith v. Webber, supra. That case holds that while the matter of trying the separate issues addresses itself to the discretion of the trial judge, it should not be done where it appears that the verdict was the product of compromise. The opinion further states that compromise may be readily inferred where the damages are grossly inadequate.

I cannot see from the record that this verdict appears to be a compromise verdict. No one but the jurors know just how they arrived at the verdict and to say that it was a compromise solely because it does not follow the court's instructions is to place an inference upon an inference which gives no sound basis for the conclusion.

 The practice of permitting a partial new trial may not properly be resorted to unless it clearly appears that the issue to be retried is distinct and separable and that a trial of that issue alone may be had without injustice. Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188. This rule was laid down, in the case cited, by the Supreme Court before the Rules of Federal Procedure were adopted.

204

█ If the court is of the opinion that the trial of a single issue, separate from all other issues in the case, would be an injustice it should grant a trial de novo. It is equally true, however, if the court is of the opinion that to require the party to retry issues that have been settled would be an injustice it should direct the trial of the separate issue. In other words, since the law has given litigants the right to such procedure, it is the duty of the court to grant that right where the justice of the case is clear. Schuerholz v. Roach, 4 Cir., 58 F.2d 32.

█ In the light of the whole record in the case, the motion for a new trial should be sustained and upon a retrial of the case there should be submitted for determination only the amount of damages. An order in conformity with this memorandum is this day entered.