Wilson SANDERS, as Temporary Administrator of the Estate of Woodrow Kittrell, deceased, Plaintiff,

v.

Irving GREEN, Defendant.

No. AC/854.

United States District Court
E. D. South Carolina,
Aiken Division.

Sept. 21, 1962.

---

Sol Blatt, Jr. (Blatt & Fales), Barnwell, S. C., W. D. Lanier, G. B. Hester, Augusta, Ga., for plaintiff.

Edward C. Cushman, Jr. (Henderson, Salley & Cushman), Aiken, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

The above case was tried before me and a jury and resulted in a verdict for the plaintiff for $5,000.00 actual damages.

At the conclusion of the testimony, I directed a verdict for the plaintiff on the issue of liability, leaving to the jury to determine the amount of actual damages to be awarded to the plaintiff.

The case is now before me on motion of the defendant "to set aside the verdict * * * in favor of the plaintiff and the judgment entered thereon * *, and to enter judgment non obstante veredicto for the defendant in accordance with his motion for a directed verdict; and in the event that plaintiff's previously noted and presently pending motion for a new trial on the basis of inadequate damages be granted, then in the alternative, for a new trial de novo on the issue of liability for actual damages" upon the grounds stated in the motion.

The case is also before me upon motion of the plaintiff "to set aside the verdict returned in the above entitled action * * *, and the judgment entered thereon * * *, and to grant the plaintiff a new trial as to actual damages only on the ground that the actual damages awarded to the plaintiff were grossly and palpably inadequate".

The three principal grounds of defendant's motion are (1) that the Court erred in holding, as a matter of law, that the plaintiff's intestate was not guilty of contributory negligence or recklessness which contributed as a proximate cause to his fatal injuries; (2) that the Court erred in holding, as a matter of law, that the defendant was guilty of actionable negligence and that such negligence was a proximate cause of the fatal injuries to the plaintiff's intestate; (3) that the Court erred in failing to grant a voluntary dismissal or direct a verdict on the ground that there was not sufficient admissible evidence that the beneficiaries named in the complaint were the proper parties for whom this action could be maintained.

The uncontradicted evidence discloses that the automobile in which plaintiff's intestate was riding as a passenger was struck in the rear by the automobile driven by the defendant on a rainy night in which visibility was considerably limited. There is sharp contradiction in the evidence as to whether the automobile in which decedent was riding was stopped without lights in its lane of traffic in the highway at the time of the collision, or whether it was properly lighted and moving slowly along the highway, but even if it were stopped without lights, there is no testimony that the plaintiff's intestate had anything to do with the operation of the automobile, and all of the evidence is that the driver of the automobile was sober and that plaintiff's intestate had no reason to suspect that the driver of the automobile would not operate the car in a proper manner. It is also undisputed that plaintiff's intestate was asleep in the car at the time of the collision. There were no circumstances appearing from the evidence which could reasonably serve as the basis of a jury's determination that the decedent was contributorily negligent or reckless. Mann v. Bowman Transportation, Inc., (C.A. 4) 300 F.2d 505, 509 (1962).

Having decided that the issue of contributory negligence was not applicable in this case, the sole remaining question on the issue of liability was the determination of whether the defendant was guilty of any negligence or recklessness which contributed as a proximate cause to the collision. I am of the opinion that the defendant was guilty of simple negligence as a matter of law which contributed as a proximate cause of the collision. The defendant testified that it was raining rather hard at the time of the collision; that he had his windshield wipers working; that his visibility was restricted; that he was driving at the time of the collision at approximately

fifty to fifty-five miles per hour, and that he did not see the automobile in which the decedent was riding until a very brief moment prior to the impact. All of the witnesses concurred in the defendant's testimony regarding the rain and restricted visibility.

■ It is well settled that negligence or recklessness to render a person liable need not be the sole cause of an injury, but it is sufficient to show that such negligence or recklessness is a proximate concurring cause of the injury in order to establish liability for such conduct. Benton v. Pellum, 232 S.C. 26, 100 S.E.2d 534, 536.

Section 46–361, Code of Laws of South Carolina, 1952, provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. * * *"

Section 46–363, Code of Laws of South Carolina, 1952, provides: "The driver of every vehicle shall, consistent with the requirements of § 46–361, drive at an appropriate reduced speed * * * when any special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

Section 46–381, Code of Laws of South Carolina, 1952, provides: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway except as follows: (1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; * *."

Section 46–393, Code of Laws of South Carolina, 1952, provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

■ The Supreme Court of South Carolina has on many occasions held that " 'Causative violation of an applicable statute constitutes actionable negligence and is evidence of recklessness, wilfulness and wantonness. * * *' " Field

v. Gregory et al., 230 S.C. 39, 94 S.E.2d 15, 19. While I recognize that a verdict should not be directed in cases where there is more than one reasonable inference to be derived from the evidence, it appears clear to me that the only conclusion which reasonable men might reach from the conduct of the defendant in this case in driving at an admitted speed of fifty to fifty-five miles per hour on the night in question, and his failure to see the automobile in which the decedent was riding until just a moment prior to the impact, is that the defendant violated one or more of the statutes heretofore quoted, and that such violation was a contributing proximate cause of the collision. The very injury happened here which was intended to be prevented by these statutes, and such injuries must be considered as having been directly caused by the non-observance of these laws. Ayers v. Atlantic Greyhound Corp. et al., 208 S.C. 267, 37 S.E.2d 737, 741. If, as the defendant claims, weather conditions were such that he could not see a dark object in the highway until almost upon it, he was negligent in driving at a speed of fifty to fifty-five miles per hour. On the other hand, if weather conditions were such that the object was visible at a much greater distance, despite the defendant's speed, then the defendant was guilty of negligence in failing to see the automobile and stop or turn to avoid striking it. (Brown v. Atlantic Coast Line R. Co., 238 S.C. 191, 119 S.E.2d 729, 731) since "the first duty of a motorist is to keep a sharp lookout ahead to discover the presence of those who might be in danger, * * *." Greene v. Miller, (D.C.S.C.) 114 F.Supp. 150, 1955 (1953).

It has frequently been held in many jurisdictions that a motorist who operates his vehicle during the night-time must take notice of the existing darkness and operate his vehicle in such a manner and at such speed as will enable him to stop within the radius of his headlights, he must keep a lookout in the direction of travel, and he is held to the duty of seeing what he should have seen, and he

must give due regard to the then existing weather conditions. Brown v. Atlantic Coast Line R. Co., supra, (238 S.C. 191, 119 S.E.2d 729) 5-A Amer. Jur., Sections 290–291, pages 407–409; 97 A.L.R. 546; 31 A.L.R.2d 1424; 42 A.L.R.2d 13, 136.

■ Finally, the defendant contends that the Court erred in failing to grant a voluntary dismissal or directed verdict on the ground that there was not sufficient admissible evidence that the beneficiaries named in the complaint were the proper parties to maintain this action. The complaint alleges that the action was brought for the benefit of the decedent's surviving brothers and sisters. It is admitted that the decedent had been married about ten years prior to his death and that he had never been legally divorced from his wife from whom he had been separated for about eight years. The decedent's sister testified that her brother's wife had deserted him when she refused to move from her mother's home to a city where the decedent could earn a livelihood in his trade as an automobile body repair man and, as a result, her brother and his wife had many arguments and her brother's wife had put his clothes outside of the home where they were living and had refused to live with him, although the decedent had attempted on various occasions to get his wife to resume their marital relationship. Counsel for defendant objected to this testimony by decedent's sister as being hearsay, but the witness denied that such was hearsay, and she stated these were facts within her own knowledge. While it may have been possible for defendant's counsel on cross-examination, reserving his objection to this testimony (Richardson v. Register, 227 S.C. 81, 87 S.E.2d 40, 44), to have shown that the witness did not know the facts stated of her own knowledge, counsel chose not to make any further inquiry of the witness as to the basis of her knowledge of these facts. Since the witness testified without contradiction that the facts so stated were within her own knowledge, this testimony, under these circumstances, in my opinion, was properly received in evidence.

■■ Under the settled law of South Carolina, the husband has the right, acting reasonably, to choose where the family shall reside and when the wife refuses to go with him she is guilty of desertion. Wolfe v. Wolfe, 220 S.C. 437, 68 S.E.2d 348, 349. It is also the settled law of South Carolina that a wife who deserts her husband prior to his death is not a "widow" within the meaning of the Wrongful Death Statute. Section 10–1952, Code of Laws of South Carolina, 1952; Lytle v. Southern Ry.-Carolina Division, 171 S.C. 221, 171 S.C. 42, 44, 90 A.L.R. 915; Folk v. United States, (D.C.W.D.S.C.) 102 F.Supp 736, 740 (reversed on other grounds), 4 Cir., 199 F.2d 889.

Based on the uncontradicted testimony of the decedent's sister that the decedent's wife deserted him; that there were no children of this marriage, and that the decedent's mother and father had predeceased him, it is my opinion that the decedent's brothers and sisters were the proper beneficiaries for whom this action must have been brought.

As to the motion of the plaintiff to set aside the jury's verdict and grant a new trial on the issue of actual damages only, the testimony revealed that the decedent was forty-four years of age and was the next to the youngest of eight brothers and sisters who varied in ages from forty-two to fifty-nine; that this family was a closely knit unit because of the death of the mother and father when the children were very young; that the defendant had lived with various brothers and sisters for practically all of his life; that the brothers and sisters frequently visited each other; and that some of his family regarded decedent as a child and daily fed him and took care of him as though he were one of their children. The decedent had a life expectancy of twenty-six years. Section 26–12, Code of Laws of South Carolina, 1952.

■■ It is well settled in South Carolina that the elements of damage in this

case would be such mental shock and suffering and wounded feelings, grief, sorrow, loss of companionship and deprivation of the use and comfort of their brother's society as the decedent's brothers and sisters may have sustained as a result of his death (Nelson v. Charleston & Western Carolina Ry. Co., 231 S.C. 351, 98 S.E.2d 798) and that in arriving at the amount of any verdict, a jury should take into consideration the increased cost of living and the diminished purchasing power of money, since damages that might be fair compensation in value for a given wrong when money is dear and its purchasing power is great will not suffice when money is cheap and its purchasing power is small. Rogers v. Atlantic Coast Line R. Co. et al., 222 S.C. 66, 71 S.E.2d 585.

■ Under Rule 59(a), Rules of Civil Procedure, 28 U.S.C.A., the court is authorized to grant a new trial on all or a part of the issues and it is the duty of the court to grant that right where the justice of the case is clear (Schuerholz v. Roach (C.A.4) 58 F.2d 32 (1932)), and this applies to a retrial as to the issue of damages as well as to any other particular issue. Sellers v. Greenwood, (D.C.E.D.S.C.) 94 F.Supp. 662 (1951); Yates v. Dann, (D.C.Del.) 11 F.R.D 386, 392 (1951); Martin v. Payton, (D.C.W. D.Ky.) 20 F.R.D. 200, 203 (1957).

■ The same principles govern the right of the court to set aside a verdict attacked for inadequacy as when a verdict is attacked for excessiveness. De Foe v. Duhl, (C.A.4) 286 F.2d 205, 207 (1961). In the case of Jones v. Atlantic Refining Co., 55 F.Supp. 17, 20. I was sitting by designation in the United States District Court for the Eastern District of Pennsylvania, and went fully and extensively into the question of the court's power to set aside verdicts for excessiveness; in the case of Sellers v. Greenwood, supra, I reviewed my opinion in the Jones case and concluded that "The reasoning of the courts upon the question of setting aside verdicts on the ground of excessiveness applies with like effect to the power of the courts to set aside verdicts for inadequacy"; in those cases I held that only where the verdict is so grossly excessive or so grossly inadequate as to shock the judicial conscience will the court reverse the jury's determination and grant a new trial on the issue of damages, since the court must respect the verdict of the jury and not interfere or substitute its own verdict for that of the jury except in extreme and exceptional cases. Other cases to the same effect are, Wooley v. Great Atlantic & Pacific Tea Company, (C.A. 3) 281 F.2d 78 (1960); Zellem v. Herring, (D.C.W.D.Pa.) 102 F.Supp. 105 (1952); Yates v. Dann, supra; Martin v. Payton, supra.

■ I have reviewed the testimony and in the exercise of my discretion I have concluded that the verdict in this death action is grossly inadequate and I have decided that such an inadequate verdict could have only been reached by the jury's misapplication or misunderstanding of the legal principles charged to them. See, Willie Gibbs, as Administrator of the Estate of Elex Gibbs, deceased v. United States, (E.D.S.C.D.C.) (unreported), affirmed (C.A.4) 241 F.2d 687 (1957). In the Gibbs case, tried before me without a jury, the decedent Elex Gibbs was a Negro man approximately fifty-five years of age, earning $36.00 a week, and he left surviving him several brothers and sisters and a nephew. Having determined the issue of liability in favor of the plaintiff, I fixed the damages as $25,000.00, plus $977.50 for funeral expenses, making a total of $25,977.50. While there is no exact standard to measure damages in wrongful death actions, and I would not disturb a jury's verdict simply because it was less than I thought it should have been, I feel that the verdict in this case is greatly less than should have been found by any reasonable jury correctly applying the law charged by me in this case. The verdict is, in my opinion, grossly inadequate and must be set aside for that reason.

For the foregoing reasons, it is ORDERED, That the motion of the defendant for judgment non obstante veredicto for the defendant, or in the alternative for a new trial de novo be and the same is hereby DENIED.

It is further Ordered, That the motion of the plaintiff for a new trial as to actual damages only be and the same is hereby GRANTED.