# Compton v. Runyon.

November 17, 1950.

E. D. Stephenson, Judge.

Baird & Hays for appellant.

F. M. Burke for appellee.

CLAY, COMMISSIONER—Affirming.

A jury awarded appellee $500 damages for an assault and battery committed by appellant. Several grounds are urged for reversal of the judgment.

Appellant and appellee were neighbors, but apparently were not on friendly terms. Appellant had the police remove appellee's automobile from the street in front of the former's house. When appellee came home that evening he asked his wife where his automobile was, and she told him to find out from appellant.

The party's versions of what happened immediately thereafter are irreconcilably conflicting. Appellee's story

is: he went to appellant's home, knocked on the door and inquired of appellant's wife concerning the whereabouts of her husband. She told him he was not at home. Appellee turned to leave, and when at the edge of the porch, he was struck twice in the head by appellant and knocked unconscious.

Appellant's story is: appellee ran up to the house in an angry mood, and when the former's wife answered the door, appellee cursed and threatened to beat up appellant. The latter thereupon picked up a stick, pushed appellee through the front door, and when appellee turned on him again, he hit him one time with the stick. While appellant claims the two parties were standing face to face, he could not explain how it happened that appellee's injuries were on the back of his head.

Appellant contends the verdict was not sustained by the evidence, and he was entitled to a directed verdict. He argues that his story must be accepted as true, and considering it alone, the blow he struck was justified. Whether or not he was entitled to a directed verdict does not depend upon his evidence, but the evidence for the other side. The testimony of witnesses for appellee proved an unprovoked assault and battery. The jury had a right to believe appellee's story and disbelieve that of appellant. If there ever was a case calling for a jury determination of the true facts, this is it.

Appellant next contends the damages were excessive. The proof shows appellee was struck a severe blow; he was knocked unconscious; he required immediate medical attention to have the wound sewed up; and it did not heal for thirty or forty days. Appellee testified he had a constant headache for over six months, and the injury impaired his working ability. He asked for punitive damages, and even if nothing was awarded on this account, the sum of $500 does not strike us as being excessive.

Appellant finally insists the Court should have instructed the jury to specify in its verdict whether or not the damages were compensatory or punitive. The record does not show appellant offered an instruction on this proposition, and it does not appear he made any objection to the general verdict when it was returned by the jury. We do not see how appellant was prejudiced by this general verdict, but if there was error, it

was waived when appellant failed to request a separate verdict before the jury was discharged. See Adams v. Commonwealth ex rel. State Highway Commission, 285 Ky. 38, 146 S. W. 2d 7.

The judgment is affirmed.