**SERVICE FIRE INSURANCE COMPANY, Appellant,**

v.

**Joe ROMANO, Appellee.**

**Joe ROMANO, Appellant,**

v.

**Clark J. GROSS, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1955.

Gus B. Bruner, Harlan, for appellant and cross-appellee.

George E. Reams, Harlan, for appellee and cross-appellant.

MILLIKEN, Judge.

This suit arose out of a collision between two trucks owned respectively by Clark J. Gross and Joe Romano. At the time of the collision the trucks were being driven by the respective agents of the parties. Gross sued Romano, the appellee-cross-appellant, for damages to Gross' truck. On motion of Romano, the appellant Service Fire Insurance Company was made a party plaintiff and ordered to assert its claim since it had paid for repairs to Gross' truck and had been assigned Gross' claim up to the amount paid for such repairs under terms of a collision insurance policy Gross carried with appellant. See Louisville & N. R. Co. v. Mack Mfg. Co., Ky., 269 S.W. 2d 707, 708; CR 14. Gross was awarded a verdict for $300 by the jury, which failed to award the Insurance Company anything on its third party complaint. The insurance carrier has appealed on the ground that the jury ignored the court's instructions as to its claim, and Romano has cross-appealed claiming Gross should have received nothing because of his negligence. Gross alone appears contented with the result of the suit.

The collision occurred September 11, 1951, on Highway 119 between Baxter and Putney in Harlan County. The Gross truck was proceeding east toward Baxter and the Romano truck, a smaller panel truck with a two-wheeled trailer attached, was traveling in the opposite direction. Some distance before the vehicles passed, the trailer attached to the Romano truck commenced zigzagging and "jack-knifed" into the path of the Gross truck. The driver of the Gross truck applied the brake and went off his right side of the highway, but not in time to avoid the collision.

The driver of the Romano truck testified that another truck following the Gross truck pulled out and was attempting to pass from the rear of the Gross truck; that he applied his brake and this caused the trailer to zigzag out of control. The

driver of the Gross truck testified the other truck was some distance behind his truck and was not attempting to pass. The facts surrounding the collision are important only with reference to the cross-appeal of the defendant Romano.

After the appellant Service Fire Insurance Company had been made a party plaintiff pursuant to Romano's motion, Gross and the insurance carrier filed an amended complaint and a third party complaint. The Insurance Company asserted a claim for $403.46, and on trial presented documentary proof that it had paid that much on the bill for repair of Gross' truck which was not challenged by Romano.

The total cost of repairing the truck was $538.21. The Insurance Company, as stated above, paid $403.46 of this amount. Gross carried a $100 deductible collision policy with the Insurance Company, and he paid $100 on the repair bill as well as $35.75 on the purchase price of a new tire to replace one ruined in the collision. Gross also claimed damage for the loss of the use of the truck and its depreciation caused by the accident.

■ Without going into further detail as to the evidence, suffice it to say that it was conflicting as between Gross and Romano and properly a matter for the jury to decide. There was substantial evidence to support the verdict for Gross, and the instructions given contained no errors which we deem prejudicial to Romano.

On the other hand, the jury appears to have completely disregarded the instruction concerning the insurance carrier's undenied claim for $403.46 which it had paid Gross under his collision policy. After limiting Gross' damages to $988.21, the court then instructed "the jury * * * that the third party plaintiff, Service Fire Insurance Company by reason of a policy of insurance on the truck belonging to plaintiff, Clark J. Gross, paid to and indemnified the said plaintiff the sum of $403.46, and if the jury find for the plaintiff, they should find for this plaintiff in a sum not to exceed $403.46. If the jury finds for the plaintiff, Clark Gross, under

the instructions herein, they should find for him not to exceed the sum for damages in the figure of $584.75," which represented the total damage of $988.21 less the amount of $403.46 paid by the Insurance Company.

■ It is claimed the insurance carrier waived its right to claim error by failing to move that the jury be returned to the jury room to complete its verdict. Romano contends furthermore that the jury was given the choice of awarding the insurance carrier $403.46 or nothing, and that it chose to award nothing. It is true that irregularities in a verdict cannot be complained of on appeal when the trial court and jury were afforded no opportunity to correct them as contended by Romano, citing Adams v. Commonwealth ex rel. State Highway Commission, 285 Ky. 38, 146 S.W.2d 7, and Compton v. Runyon, 314 Ky. 65, 234 S.W.2d 301, but the failure to render a verdict for the insurance carrier in the case at bar was not such an irregularity. It was a clear case of ignoring the court's instruction that the jury should find for the insurance carrier if it found for Gross. As was stated in Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 735, 736, 20 A.L.R.2d 272:

"It is the duty of the jury to be governed by the instructions whether they are right or wrong—they are bound to accept and apply the law as given by the court—and a verdict contrary to the instructions is contrary to the law."

■ In the case at bar, the trial court's instructions were substantially correct and should have been followed by the jury, and not ignored.

Finding no prejudicial errors involved in the other points raised by counsel, the case is remanded with directions to the trial court to enter judgment against Romano for the insurance carrier, Service Fire Insurance Company, for $403.46 on its appeal. The cross-appeal of appellee Romano is denied.