Murrell DENTON, Appellant,

v.

Sophronia HICKS et al., Appellees.

Court of Appeals of Kentucky.

March 2, 1956.

Rehearing Denied June 22, 1956.

Richard L. Garnett, Glasgow, for appellant.

W. E. Jones, T. L. Hatchett, Jack Longshore, Glasgow, for appellees.

CAMMACK, Judge.

The appellant, Murrell Denton, instituted this action seeking specific performance of a written contract for the sale of realty located near Glasgow. The appellees, defendants below, are Sophronia Hicks, who owned the property; Taylor & Taylor Realty & Auction Company, who conducted the public auction at which the property was sold; and Jack Longshore, a Glasgow attorney, allegedly an agent of Mrs. Hicks in the sale of the property.

At the time of the sale, Mrs. Hicks resided in Massachusetts. She had instructed Longshore to sell the property for her, and he retained Taylor & Taylor to manage the public auction. It is undisputed that Denton was the highest bidder at the sale, and that after the auction a written contract for the sale of the property was signed by Denton and by Longshore, the latter signing as agent for Mrs. Hicks. When Mrs. Hicks was informed of the purchase price, she attempted to reject the sale, and refused to execute a deed to the property.

On the trial, the appellees contended that Mrs. Hicks had reserved the right to reject the sale, and relied upon the following provisions of her contract with Taylor & Taylor, which had been sent to her in Massachusetts, and which she had signed there:

"* * * If sale should be rejected by us, we agree to pay said agents (Taylor & Taylor) a commission equal to 3% of the highest bid at said sale * * *.

"We agree to make a general Warranty Deed to the purchaser free and clear of all liens in case the sale is accepted by us on the terms to be agreed on and announced at the sale. * * *"

The trial judge concluded that Mrs. Hicks had exercised a right of rejection which she had reserved under the provisions of the auction contract just quoted.

On this appeal, Denton contends that Longshore was an agent of Mrs. Hicks. Therefore, his signature on the contract of sale was binding upon her as principal; and, since it was not conditioned upon a further acceptance by Mrs. Hicks, the contract of her agent should be enforced specifically against her.

The appellees assert that the judgment should be affirmed because (1) the right of rejection was reserved specifically; (2) the requirements of the Statute of Frauds were not met; and (3) the sale was void because it was not made in accordance with Mrs. Hicks' instructions, and it was not ratified by her.

■ From our analysis of the language of the contract between Mrs. Hicks and Taylor & Taylor we conclude that the trial judge was clearly erroneous in his finding that the right of rejection was reserved by Mrs. Hicks. We think the contract reserved only the right to reject, at the time bidding ceased, and in no event, later than the completion and signing of the contract of sale.

Mrs. Hicks testified that she did not authorize Longshore to sign her name to the contract of sale; she had not designated him as her agent to sell the property; and the only agent for the performance of that act was Taylor & Taylor. However, numerous letters which she sent to Longshore from Massachusetts prior to the sale (literal quotations from some of which appear below) indicate clearly to us that she was relying upon him as the over-all supervisor of the sale. In one letter she said:

"* * * Ive always had Mr. White and you to see after my busney. so am trusting you with all my property I have faith in you and believe you will do Just as you say. so I am depending on you to do a good Job for me. * * *"

In another letter she wrote:

"* * * But the house I must sell. I think you will get somewhere between 5,500 or 6,000 for it. I will sine the contract with you on Saturday Nov 27—A.M. * * *"

In still another letter, after setting out her instructions for the sale of the property, she told Longshore to "* * * see that it is done that way." In her letter of December 18th, four days before the sale, she wrote:

"* * * so if the lots dont bring over $1200 let them go anyway * * *.

"P.S. try & get $8500 or 9000 if you can for it all. Just do the best you can."

Longshore testified that he concluded from her letters that he was authorized to sign Mrs. Hicks' name to the contract of sale.

■ While Mrs. Hicks' letters to Longshore contain some statements which, standing alone, are somewhat confusing, we think a fair interpretation of them, in context, gave him full authorization to sell the property and sign the contract of sale. Certainly these "pre-sale" communications would prevail over the "post-sale" declarations of the principal on the question of the agent's authority. Therefore, we conclude that Longshore's signature, as an agent of Mrs. Hicks, made the contract binding upon her, and since the contract was written, the contention of the appellees concerning the Statute of Frauds is without merit.

■ The contract between Mrs. Hicks and Taylor & Taylor provided that the terms of the sale would be agreed upon and announced at the sale. It stated also that certain pieces of the property would be sold separately and then as a whole, the seller accepting the best price offered. The appellees concede that this contract was not altered or rescinded prior to the sale. It is not disputed that the terms announced at the sale were followed. Mrs. Hicks had set a minimum price on two of the lots and when they failed to bring that price, both separately and jointly, they were not sold. The house and lot were offered both separate from and together with the adjoining lot, and the best price was accepted. Hence, we think there was substantial compliance with the terms of the auction contract between Mrs. Hicks and Taylor & Taylor; and also that the terms announced at the sale were carried out. Therefore, the sale is binding upon Mrs. Hicks, the principal, and Denton is entitled to specific performance of the contract of sale.

The judgment is reversed, with directions to set it aside, and for the entry of one consistent with this opinion.