Robert F. SIMMONS et al., Partners Trading and Doing Business Under the Firm Name of Robert Simmons Construction Company, Appellants,

v.

William R. ATTEBERRY, Appellee.

Court of Appeals of Kentucky.

Feb. 21, 1958.

Joseph Lazarus, Alfred C. Krieger, Louisville, for appellants.

Steinfeld & Steinfeld, Samuel Steinfeld, Louisville, for appellee.

CAMMACK, Judge.

This action was instituted by the appellants, Robert F. Simmons and Tawanda R. Simmons, partners doing business as Robert Simmons Construction Company, against the appellee, William R. Atteberry, to recover damages of $1446.14 for an alleged breach of a contract to clean a newly constructed school building. Atteberry filed an answer and counterclaim wherein he denied the contract and alleged that the Simmonses were indebted to him for the fair and reasonable value of the services he performed for them and which amounted to $3134.37. Thereafter the appellants amended their complaint. They deducted credits due Atteberry for certain extra work done by him, thus reducing their total claim for damages to $831.94. The jury found for Atteberry in the amount of $2,534.37. This appeal is from a judgment on that verdict.

The appellants contend that reversal should be granted because (1) the verdict is palpably against the evidence; (2) the court erred in giving Instruction No. 3; and (3) the court erred in not requiring the jury to find a verdict on Instructions Nos. 1, 2, 6 and 7, as required by Instruction No. 8.

The appellants had a general contract to construct a school building. As the construction neared completion it became necessary to "shovel clean" and "broom clean" the interior, the area of which was 141,000 square feet, preparatory to laying asphalt tile flooring. Atteberry met with the appellants on the construction premises and after going over the building to become familiar with the job requirements he was engaged for the complete cleanup of the school building interior. Atteberry began the cleaning work immediately. The appellants mailed him a purchase order showing $1,700 as the job price for the complete cleanup, but Atteberry continued his work without signing or returning the order. He never did sign it and no written agreement concerning the job and the amount to be paid for it was ever executed by the parties.

The record shows that the parties discussed a price of one and one-fourth cents per square foot for cleaning the floor area of 141,000 square feet. The appellants said (two witnesses) that they used one and one-fourth cents as an estimate basis, but finally agreed upon $1,700 for the whole job as stated in their purchase order. The appellee testified that the price was to be one and one-fourth cents per square foot for "shovel cleaning" and one and one-fourth cents per square foot for "broom cleaning," or a total of two and one-half cents per square foot for the complete cleanup. The job price according to the appellee's figures totaled $3,525.

It was agreed that cutting concrete from an elevator shaft and cleaning up the roof were extra services. The appellants claim that the price for these extras was $150 for work on the elevator shaft and $111.86 for work on the roof. The appellee agreed that $150 was reasonable

for the shaft, but claimed $300 for cleanup of the roof. In addition the appellee claimed $500 for breaking out concrete from walls and corners. This work was included in the original $1,700 contract according to the appellants.

The appellee testified that he had completed the "shovel cleaning" and 75 per cent of the "broom cleaning" when a dispute arose and he walked off the job. His two billings for $500 and $400 respectively, were paid promptly by the appellants. He claimed the reasonable value of the services rendered by him amounted to:

| | |
|---|---|
| Shovel cleaning | $ 1762.50 |
| Broom cleaning | 1321.87 |
| Work on elevator shaft | 150.00 |
| Cleaning concrete from walls | 500.00 |
| Cleaning roof | 300.00 |
| Total | $ 4034.37 |
| Amount paid | 900.00 |
| Amount owed | $ 3134.37 |

The appellants contend that the appellee had completed only approximately half of the job for which he was engaged when he walked off. They said it cost them $1893.80 to have the work completed. This difference in their computed cost of completion plus the $900 paid, totaling $2793.80, and their version of a contract price of $1,700, plus the extras, $261.86, making $1961.86 in all, is the amount which they insist is due them because of the breach. The amount claimed is $831.94.

The appellants argue that the verdict is palpably against the evidence. They insist that the evidence supports only their version of the contract price ($1700.-00) for the total cleanup job. With this contention we cannot agree because we find numerous conflicts in the evidence as to any *agreed* price for the job. Both parties may have had definite ideas on what the price was to be, but they entered into no formal agreement on the price. Certainly they did not contemplate an indefinite "reasonable amount" to be computed when they first met, or later.

It has been said that when the terms of an agreement are uncertain as to price, but exclude the supposition that a reasonable price was intended, no contract can arise. 12 Am.Jur., Contracts, section 70, p. 562. We are more disposed to say that there may be an express contract as to services even though there has been no agreement as to price. Meem-Haskins Coal Corporation v. Pratt, 299 Ky. 767, 187 S.W.2d 435. In either event after services have been furnished and accepted the fact that the compensation contemplated is too indefinite does not prevent recovery of reasonable compensation. 12 Am.Jur., Contracts, section 70, p. 562. In fact situations similar to those found herein, we have refused to invoke the technical rule that where only an express contract is pleaded recovery cannot be had on proof of an implied contract. Meem-Haskins Coal Corporation v. Pratt, 299 Ky. 767, 187 S.W.2d 435. Under the circumstances of this case we believe the appellee was entitled to recover a reasonable amount for the services he rendered, although no contract as to price was ever agreed upon by the parties.

The appellants argue that the amount awarded Atteberry under the judgment was palpably against the evidence because some of his own testimony indicated that he expected only one and one-fourth cents per square foot for the total cleanup rather than one and one-fourth cents per square foot for "shovel cleaning" and one and one-fourth cents per square foot for "broom cleaning." We think, however, that this testimony merely showed that no exact price was ever agreed upon by the parties and thus there was no fixed compensation. Under the circumstances Atteberry was entitled to a reasonable amount for the services he rendered, even though the amount was greater than that he might have contemplated when he commenced work. The appellants stated that it cost them $1893.80 to complete the cleanup job Atteberry started. They maintain that he had done only 50 per cent of the work he agreed to do. Thus, they claim that he

agreed to do the whole job for a lesser sum than they expended for half of the job. Under the circumstances we believe the jury was warranted in returning a verdict which fixed the reasonable value of the services rendered at substantially the amount claimed by Atteberry in his counterclaim. This amount, including the allowance for extras, is nearly double the amount which the appellants said it cost them for the remaining half of the work, but it should be remembered that, according to Atteberry, less than 15 per cent of the work remained to be done.

The appellants argue that, even if the jury was correct in finding for the appellee, the pleadings and proof limited his recovery to the reasonable value of his work (a) not to exceed the contract price of $1,700 or (b) at the rate of one and one-fourth cents per square foot for "shovel cleaning" and one and one-fourth cents per square foot for "broom cleaning." They argue that Instruction No. 3 authorized recovery on an implied contract and therefore was erroneous.

■ Instruction No. 3 follows:

"If you believe from the evidence that the plaintiffs' and defendant's minds did not meet and that they entered into no contract with respect to shovel cleaning and broom cleaning the interior of the school building, and that the defendant did do the work described in the evidence, he is entitled to be paid the reasonable value of the work actually done, on this account not to exceed $3084.37 in addition to what you find under Instruction Numbers 4 and 5."

In his answer the appellee denied all contract allegations contained in the appellants' complaint except insofar as point 5 of the complaint was concerned. Point 5 was: "Plaintiffs state that defendant completed said extras to the original contract." In his counterclaim the appellee asked for " * * * the fair and reasonable value of his services performed, which sum is Three Thousand One Hundred Thirty Four Dollars and ($3,134.37) Thirty Seven Cents, * * *" We believe the pleadings and the proof authorized Instruction 3, and also that the jury was authorized under the proof to fix the amount stated in their verdict. Meem-Haskins Coal Corporation v. Pratt, 299 Ky. 767, 187 S.W.2d 435.

■■ The final point of the appellants' argument deals with Instruction No. 8, which follows:

"8. It will be necessary for the jury to find a separate verdict under each of the above instructions."

The appellants urge that, under Instruction 8, the jury was required to return a verdict under Instructions Nos. 1, 2, 6 and 7, which they did not do. Instructions Nos. 1 and 2 presented respectively the appellants' and the appellee's versions of the contract to clean the building. Instructions Nos. 6 and 7 presented respectively the views of the appellants and the appellee in regard to whether cleaning mortar from walls and corners represented extra work. We believe that the verdict as returned reflected adequately the position of the jury on the instructions under which no express verdict was given. Furthermore, the appellants made no objection that the verdict was incomplete when it was returned. If the appellants had desired to raise this question they should have done so at that time in order for the trial court to have had an opportunity to instruct the jury to correct the form of its verdict. Old 76 Distillery Co. v. Morris, 234 Ky. 389, 28 S.W.2d 474. We believe the verdict in this case conforms to the principle that a verdict which is merely irregular is sufficient if it shows that the jury expressed its opinion upon the issues of the case. Newport Coal Co. v. Ziegler, 255 Ky. 429, 74 S.W.2d 561.

Judgment affirmed.