**Wilburn ANDERSON'S EXECUTRIX,**
**Appellant,**

**v.**

**Charles HOCKENSMITH, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1959.

Matthews & Matthews, Shelbyville, for appellant.

Dailey & Fowler, Frankfort, for appellee.

STANLEY, Commissioner.

This action was brought by Charles Hockensmith against Wilburn Anderson to recover $2,193.56 for breach of contract in the operation of the defendant's farm and for $300 for services rendered the defendant and expenses incurred in taking some slot machines to Cuba for him. The de-

fendant traversed material allegations of the complaint, including the employment to take the devices to Cuba, and set up a counter-claim for $1,817.75, less credits of $1,231.56 which he admitted owing the plaintiff.

The case was submitted to a jury by three instructions. Instruction No. 1 covered the plaintiff's claim for the services and expenses stated. No. 2 related to the plaintiff's right to recover under the farming contract, not to exceed $3,331.56, less $478 which he conceded he owed the defendant. No. 3 submitted the defendant's counter-claim with the statement that if the jury should find for the defendant, the award should not be in excess of $1,416.08 "to be credited or deducted from your finding under instruction No. 2, if any."

Two verdicts were written on the back of the instructions. One was, "We eleven members of the jury find for the defendant" and signed by those jurors. Another verdict reads, "Unanimously found for defendant and award $1,416.08 to plaintiff, F. E. Vanslyke, foreman." The record does not show that any objection was made to the verdict or that either party asked before the discharge of the jury that it be required to correct its verdict. The court entered a judgment for the plaintiff, Hockensmith, for $1,416.08.

The appellant, Anderson, died after filing his motion for an appeal, and the motion has been revived by Evelyn B. Anderson, executrix of his will.

A reversal of the judgment is sought upon the ground that it is not in accord with the verdicts and the verdicts do not conform to the instructions. It is basicly argued that the court should have granted the defendant a new trial because the verdicts are so inconsistent and ambiguous as to be meaningless.

The appellee's position is that the verdicts definitely express the intention of the jury to award him, as plaintiff, $1,416.08 in damages. It is submitted that the record fully

justified such a finding and that it was not incumbent upon the jury to state how or by what method of calculation it arrived at its verdict. We so held in Scobee v. Donahue, 291 Ky. 374, 164 S.W.2d 947, which was a case like the present with claims and counter-claims arising from a dispute over a settlement of a farm tenancy. Moreover, the appellee insists that the appellant waived any right to raise the question of an irregular verdict because he failed to make timely objection and to give the court an opportunity to send the jury back to reconsider its verdict or to correct its finding.

Where a verdict is ambiguous, irregular or defective in form or in substance, a trial court has the power, indeed, the duty when its attention is called to the verdict, to require the jury to reconsider and change its verdict whether or not the court is requested to do so. Walter v. Louisville Railway Co., 150 Ky. 652, 150 S.W. 824, 43 L.R.A.,N.S., 126, Ann.Cas.1914D, 441; 89 C.J.S. Trial § 512. A responsibility rests upon a litigant who desires a verdict which is irregular in form to be clarified to request that it be done, and to specify the particulars before the members of the jury are discharged. If he fails to do so, he will be deemed to have waived his right where the error is a defect in the form of the verdict and does not affect the merits or the rights of the parties. Walter v. Louisville Railway Co., supra; Aud v. McAvoy, 177 Ky. 380, 197 S.W. 824; McCormick v. Reinberger, 192 Ky. 608, 234 S.W. 300; Adams v. Commonwealth ex rel. State Highway Commission, 285 Ky. 38, 146 S. W.2d 7; Denton v. Hicks, Ky., 290 S.W.2d 833; Simmons v. Atteberry, Ky., 310 S.W. 2d 543. The right after waiver cannot be reclaimed and revived by a motion for a new trial. 89 C.J.S. Trial § 525, p. 217; Fischer v. Howard, 201 Or. 426, 271 P.2d 1059, 49 A.L.R.2d 1301, op. cit. 1321.

However, where a verdict is so uncertain, ambiguous, contradictory, or illogical that it cannot be clearly ascertained

who it is for or against or what facts were found and the court cannot reasonably construe the language so as to give effect to what the jury unmistakably found as a basis of a judgment thereon, the vice in the verdict is more than formal. Such a condition is of the substance and affects the merits of the case. Where a verdict is of that character, the party against whom the judgment goes does not waive the defect by failing to ask that the jury clarify the verdict. He may raise the question on a motion for a new trial and the court should grant it. Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272; Smith v. Webber, Ky., 282 S.W.2d 346; Service Fire Ins. Co. v. Romano, Ky., 285 S.W.2d 164; 89 C.J.S. Trial § 496; 39 Am.Jur., Trial, § 121.

■■ Here we have an erratic verdict. The jury found for both the defendant and the plaintiff on the same issues. The verdict is meaningless because of the contradiction in finding for the defendant twice and then in proceeding to award damages to the plaintiff. So obscure was the intention of the jury that the court must have resorted to speculation in order to enter a judgment on the verdict. More than that, it will be observed that instruction No. 2 authorized a verdict for the plaintiff of a maximum of $3,331.56, less $478; and instruction No. 3 authorized a verdict for the defendant of a maximum of $1,416.08, less any finding for the plaintiff under instruction No. 2. If the word "defendant" was inadvertently used instead of "plaintiff," still, the jury was bound to have credited the $1,416.08 by at least $478, which was directed to be done in instruction No. 2. This but confounds confusion. The verdict does not accord with the instructions. A jury is bound to accept and apply the law as it is contained in the instructions. If it does not, the verdict should be set aside as contrary to law. Daniels v. Central Truckaway System, Ky., 253 S.W.2d 1; Smith v. Webber, Ky., 282 S.W.2d 346; Service Fire Ins. Co. v. Romano, Ky., 285 S.W.2d 164.

We are of opinion that the trial court should have sustained the defendant's motion for a new trial.

The motion for an appeal is sustained and the judgment is reversed.