Lorena SMITH, Appellant,

v.

Frank CRENSHAW et al., Appellees.

Vincent J. HARGADON, Administrator of the Estate of Roten Lee Smith, Deceased, Appellant,

v.

Frank CRENSHAW et al., Appellees.

Court of Appeals of Kentucky.

March 10, 1961.

Raymond Stephenson, Harold R. Marquette, Louisville, for appellants.

Victor W. Ewen, Jones, Ewen & MacKenzie, Louisville, for appellees.

CULLEN, Commissioner.

Around 6:30 a. m. on a bright August morning Roten Lee Smith was driving his automobile eastwardly in the inside eastbound lane of Algonquin Parkway, a four-lane boulevard in the City of Louisville. His daughter, Lorena Smith, was a passenger. At the same time Richard M. Butler was proceeding westwardly in the outer westbound lane of the parkway in a gravel truck owned by Frank Crenshaw. Mr. Smith undertook to make a left turn into Cypress Street, which crosses the parkway at right angles, and his car was struck by the truck. Mr. Smith was killed and his daughter was injured.

Miss Smith and the administrator of her father's estate brought actions against Butler and Crenshaw, and the latter counterclaimed against the administrator for damages to the truck. The claims were tried together and the jury returned the following verdict:

"We the jury find for the defendants, Frank Crenshaw and Richard M. Butler, on the claim of Lorena Smith."

Although the verdict patently was incomplete in that it made no finding on the claim of the administrator or on the counterclaim of Crenshaw none of the parties asked that the jury be returned to the jury room to complete the verdict. Instead, they seem to have assumed that the verdict constituted a finding against the administrator on his claim and against Crenshaw on his counterclaim. Judgment was entered accordingly, dismissing all of the claims. The plaintiffs then filed motions for a new trial, asserting among other grounds that the verdict was contrary to the law and the evidence and that the jury disregarded the instructions in that they made no finding on the administrator's claim. The motions

were overruled and the plaintiffs have appealed.

The primary contention of the appellant Lorena Smith is that the verdict is contrary to the law. This is on the theory that under the instructions the jury could not find against her unless they found that the accident was due solely to her father's negligence, and since the jury did not award damages to Crenshaw on his counterclaim they must have found that the truck driver was guilty of concurring negligence.

The trouble is that one cannot tell from the verdict whether the jury believed that the truck driver was guilty of concurring negligence and the jury therefore intentionally did not allow anything on the counterclaim, or whether the jury believed that Mr. Smith was solely to blame and they simply overlooked the matter of awarding damages on the counterclaim (which was for a small amount).

The question is whether Miss Smith is to be held to have waived the defect in the verdict by not having moved that the jury be sent back to complete the verdict. In considering this question it must be kept in mind that the verdict was complete as to the determination that Miss Smith was not entitled to recover upon her claim—its incompleteness was only with reference to the ground upon which the determination was made.

Our prior decisions on the question of whether a defect in a verdict is waived by failure to move that the jury be returned to the jury room to complete or correct the verdict are not consistent. Many of the cases are referred to in Anderson's Executrix v. Hockensmith, Ky., 322 S.W.2d 489, and there an effort was made at reconciliation of the cases and clarification of the rule. However, we fear that the effort was not entirely successful, in that there appears to be some overlapping of the situations stated as requiring the motion and those stated as not requiring the motion.

■ Having given the question a thorough reconsideration we shall attempt to restate our views. First, we shall say that we think that in any case where the verdict is incomplete, ambiguous, inconsistent, irregular or otherwise defective the proper procedure should be that the jury be sent back to complete or correct the verdict. A motion to that end should be made by the party or parties affected by the defect. This is in accordance with the basic principle of the Rules of Civil Procedure that the trial court should be given the opportunity to correct upon the trial any errors capable of correction by it, so as to avoid the necessity of new trials.

■ The problem arises, of course, where the motion is not made. The question then is whether the defect can be asserted as a ground for a new trial or as error on appeal. It is our conclusion that if the verdict makes a determination of a particular claim, and the incompleteness, ambiguity or inconsistency of the verdict relates only to the matter of the grounds upon which the determination was made or what facts were found as the basis for the determination, or arises out of the failure to determine other claims or the nature of the determination of other claims, a party to the particular claim that has been determined is not entitled to rely upon the incompleteness, ambiguity or inconsistency of the other parts of the verdict as a ground for asserting that the determination of the particular claim is contrary to law unless he has moved that the jury be sent back to complete or correct the verdict. On the other hand, if the verdict fails to determine a particular claim or is so ambiguous that it cannot be ascertained what determination has been made of the claim, the failure of a party to move that the jury be directed to complete or correct the verdict will not be treated as a waiver of the defect, because in such a case there is no basis in the verdict upon which the court can enter judgment and applying a waiver rule would not enable the court to determine in whose favor judgment should be entered.

We believe that our former decisions fall consistently within the rules as here restated.

Cases in which the waiver rule was applied are: Simmons v. Atteberry, Ky., 310 S.W.2d 543 (jury found specific sum for defendant on counterclaim, without finding specific facts as required by instructions); Thacker's Adm'r v. Salyers, Ky., 290 S.W.2d 830 (jury found for defendant in personal injury action, but erroneously based its finding on lack of negligence on part of defendant rather than upon contributory negligence of plaintiff); Jones v. Miller, Ky., 243 S.W.2d 933 (jury found for plaintiff against one of two defendants in personal injury action, and made no finding on cross-claims between defendants); Adams v. Commonwealth ex rel. State Highway Commission, 285 Ky. 38, 146 S.W.2d 7 (jury returned lump sum verdict in condemnation suit without separating damages for land taken and resulting damages to remainder); Compton v. Runyon, 314 Ky. 65, 234 S.W.2d 301 (jury returned lump sum verdict in assault and battery case without separating compensatory and punitive damages). In each of these cases the jury made a determination of the particular claim in question sufficient to enable judgment to be entered, and the defect related only to the grounds or facts constituting the basis of the determination, or there was an inconsistency with respect to the determination of other claims.

Cases in which the waiver rule was not applied are: Anderson's Ex'x v. Hockensmith, Ky., 322 S.W.2d 489 (verdict so ambiguous it could not be ascertained for which party the jury found); Service Fire Insurance Co. v. Romano, Ky., 285 S.W.2d 164 (jury found for plaintiff in personal injury action but did not find for co-plaintiff collision insurer on its subrogation claim). In each of these cases the jury failed to make a determination of the particular claim in issue sufficient to enable the court to enter judgment.

The cases of Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272, and Smith v. Webber, Ky., 282 S.W.2d 346, sometimes have been cited as bearing on the question of what steps must be taken to correct a defective verdict. In each of those cases the verdict awarded damages for medical expenses but nothing for pain and suffering. It was held that the plaintiff was not required to move that the jury be sent back to correct the verdict. However, as pointed out in the decision in the Wall case, the situation there was not really one of an irregular verdict. Actually it was a simple case of inadequacy of damages.

In applying the rules as herein restated to the situation in the instant case we note that the verdict made a complete determination of the claim of Miss Smith, finding that she was not entitled to recover. Ambiguity or inconsistency arises only by reason of the failure of the verdict to dispose of the other claims in the case. It is our opinion that Miss Smith waived the defect in the verdict by not moving that the jury be sent back to complete the verdict.

Another contention of the appellant Miss Smith is that if the verdict be construed as finding that the defendant truck driver was not negligent it is contrary to the evidence. However, since she did not move for a directed verdict she is not entitled to make this contention. Claspell v. Brown, Ky., 332 S.W.2d 851.

Miss Smith further complains of error with respect to the instructions. The record does not disclose that she made any objections to the instructions that were given, so she is not entitled to complain of them. CR 51. She asserts that the court erred in not giving certain instructions offered by her, but the substance of her claim in this connection is simply that the instructions given by the court were less clear than the ones she offered, so in effect her complaint is that the instructions actually

given were erroneous, which complaint she is not entitled to make because she made no objections. Regardless of this, we have examined the instructions and find no substantial error in them.

Our conclusion is that upon the appeal of Miss Smith the judgment must be affirmed.

■ The appellant administrator first contends that the verdict, if construed as finding that the truck driver was not negligent, is contrary to the evidence. As we view the case it is no concern of the administrator, regarding his claim, whether or not the jury found the truck driver negligent as long as there was evidence warranting a finding that the administrator's decedent was contributorily negligent. The administrator chose to accept the verdict as being a finding against him on his claim, and he does not complain on this appeal of the failure of the jury to make a specific finding upon his claim and Crenshaw's counterclaim. The jury was entitled under the evidence to find Mr. Smith guilty of contributory negligence, so it is immaterial whether the jury found him solely negligent or merely contributorily negligent. See Thacker's Adm'r v. Salyers, Ky., 290 S.W. 2d 830.

■ Another contention of the administrator is that the court erred in refusing to instruct on the duty of the truck driver to sound his horn. It is sufficient to say that there was no apparent necessity for a sounding of the horn prior to the time Mr. Smith turned into the path of the truck, and after he so turned it was too late for a sounding of the horn to have been of any use.

■ The final contention of the administrator is that the court erred in refusing to give a last clear chance instruction. It is our opinion that the evidence did not warrant such an instruction. According to the evidence for the plaintiffs, at the time Mr. Smith began the execution of this left turn the gravel truck was a substantial distance from the intersection. If the jury had believed that evidence they could not have found Smith guilty of contributory negligence, so there would be no occasion for application of the last clear chance doctrine. On the other hand, the evidence for the defendants was that Smith did not turn across the path of the truck until it was so close that a collision was inevitable. If the jury believed that evidence the truck driver obviously did not have a clear chance to avoid the collision. It is true that there was testimony as to a statement by the truck driver that when he was at a point 50 feet east of the intersection and the Smith automobile was 50 feet west of the intersection the Smith automobile turned across the center line into the inside westbound lane. However, the truck driver (who was in the outer westbound lane) said that he assumed the automobile would stay out of his path, and that the automobile did not turn across his path until he was practically in the intersection. Under this evidence the automobile did not enter into a position of peril until the truck was so close that its driver had no clear chance to avoid the collision. The mere fact that the automobile had crossed the center line, preparatory to making a left turn, did not create a condition of peril, because it did not constitute a clear indication that the automobile driver would undertake to execute the turn when the truck was practically upon it. Until the moment when the automobile turned across the path of the truck both drivers had an equal chance to avoid the accident. See Donnell v. Pruitt, Ky., 265 S.W.2d 784; Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W. 2d 843.

The appellant administrator puts reliance upon statements of the truck driver to the effect that he did not apply his brakes or make any effort to avoid the collision until a moment before the two vehicles came together. However, it is apparent that after the automobile got in its position of peril no act or effort on the part of the truck driver

could have prevented the collision. See Rankin v. Green, Ky., 346 S.W.2d 477.

██ We have held that the last clear chance doctrine should not be applied to the ordinary intersection accident case. Desgrosiellier v. Vaughn, Ky., 320 S.W.2d 304. We find nothing in the facts of the instant case to warrant application of the doctrine here.

The judgment is affirmed.