Jim JONES, Appellant,

v.

Hubert D. PRESTON, Appellee.

Court of Appeals of Kentucky.

March 6, 1964.

Henry V. Pennington, Gilmer & Pennington, Danville, for appellant.

James F. Clay, Danville, for appellee.

CULLEN, Commissioner.

Jim Jones, subcontractor for plastering work on a building remodeling job, brought this action against Hubert D. Preston, the principal contractor, to recover some $2700 on a quantum meruit basis for work done in excess of the estimated amount of work on which Jones had made his bid. The trial court directed a verdict in favor of Preston and entered judgment dismissing the claim. Jones has appealed.

Jones contracted to do the work for $11,180.35. In bidding, he used an estimate of 2,500 square yards of plastering on metal lathe and 2,000 square yards on masonry.

After Jones had commenced work it became apparent that the amount of plastering to be done over metal lathe (which was considerably more expensive than plastering on masonry) was substantially in excess of the amount estimated. Also, Jones was required to do some patching of old plaster, which he said he had not contemplated in making his bid. Jones discussed the matter with Preston, and according to Jones this is what took place:

"I spoke to him about it while the job was going on and told him there was more metal there than he said there was, and he said he believed there was and told me to go ahead and get it done and he said if he made anything he would divide up with me."

Jones went ahead and completed the work. There were 658 more yards of lathe plastering than estimated, but there were 1625 less yards of masonry plastering than estimated. Preston paid Jones the original contract price, but Jones asserted his claim for additional payment for the excess lathe plastering (giving credit for the underage on the masonry plastering) and for the patching work on old plaster.

The evidence is undisputed that Preston lost money on the principal contract.

Jones predicates his right to recover on Preston's oral statement above quoted, maintaining that it was an express contract for the doing of the extra work but was so indefinite in its terms relating to the price to be paid as to be unenforceable, wherefore recovery may be had on quantum meruit. However, the cases relied upon to support that proposition all involved situations where the contract imposed a definite obligation to pay for the goods or services and the uncertainty was only as to the *amount* to be paid. Here, the oral contract on which Jones relies clearly provided that Preston would not pay *anything* unless he made a profit on the job. There was no ambiguity or uncertainty concerning the obligation to pay—Preston was not obligated to pay unless he made a profit.

As stated in Simmons v. Atteberry, Ky., 310 S.W.2d 543, there may be an express contract as to services even though there has been no agreement as to price. Here, the contract terms were clear as to the condition of payment for the services.

The condition of payment was not unreasonable because Preston had based his bid for the principal contract in substantial part on Jones' bid to him for the plastering work. For the same reason, and because Preston lost money on the principal contract, there are no equities in favor of Jones such as would furnish the basis for a quantum meruit recovery.

It is our conclusion that the trial court correctly directed a verdict in favor of Preston.

Jones complains because the trial court did not sustain his motion for a summary

judgment dismissing a counterclaim asserted by Preston. However, he has no cause to complain because the court eventually directed a verdict against the counterclaim.

The judgment is affirmed.