DRIGGERS CONSTRUCTION COMPANY, Inc., Appellant,

v.

E. R. HOPPER, d/b/a E. R. Hopper Grading Company, Appellee.

Court of Appeals of Kentucky.

Nov. 7, 1969.

Martin & Scalf, Corbin, for appellant.

Robert H. Helton, Jr., Brown, Tooms & Helton, London, for appellee.

STEINFELD, Judge.

Driggers Construction Company, Inc. subcontracted to grade the original site of the London Low Income Housing Project at London, Kentucky. After performing part of the contract, Driggers employed E. R. Hopper by telephone to perform its remaining duties. Both parties agree that initially Driggers told Hopper that there was about $500.00 work to be done. Approximately ten days later Hopper informed Driggers that it would run much more and Driggers told him to go ahead and do the best he could. $500.00 was paid by Driggers and after the work was completed Hopper demanded an additional $3,580.36. Driggers refused to pay and Hopper sued. Without the intervention of the jury the trial court awarded Hopper the amount of his claim and from that judgment this appeal arose.

Appellant contends that the evidence conclusively showed that the compensation to be paid on the express oral contract was an agreed sum of $500.00. The trial court found that "the minds of Driggers and Hopper did not meet with respect to the amount of compensation to be paid for the work to be performed by Hopper, or at least the amount of such compensation was not certainly fixed and agreed upon by the parties." Although this court, if trying initially, might have reached a different conclusion it will not impose its will unless the findings of the trial court were clearly erroneous. Long v. Howard, 311 Ky. 66, 223 S.W.2d 376 (1949) and Hatfield v. Hatfield, Ky., 417 S.W.2d 218 (1967). We are unable to say that they were. The findings were supported by the evidence, therefore, appellant can have no comfort from Massachusetts Bonding & Insurance Company v. Huffman, Ky., 340 S.W.2d 447 (1960), and Yates v. Wilson, Ky., 339 S.W.2d 458 (1960).

◼ Appellant insists that the parties negotiated an express oral contract covering work and price. The trial court agreed that there was an express contract as to the work to be done but not as to compensation. Appellant relies upon Fruit Growers Express Co. v. Citizens Ice & Fuel Co., 271 Ky. 330, 112 S.W.2d 54 (1937), which established the rule that there can be no implied contract where there is an express contract between the parties in reference to the same subject matter. We have a situation here similar to that which existed in Simmons v. Atteberry, Ky., 310 S.W.2d 543 (1958), where there was an express contract as to the services but no agreement as to price. In Simmons we held that it was proper for the trial court to hear evidence and adjudge fair and reasonable compensation. The appellant argues that Hopper did not show the services or the value of them. He cites Thompson v. Hunter, Ky., 269 S.W.2d 266 (1954). The court below found that he did and we agree.

◼ Appellant's final contention is that the evidence conclusively showed that Hopper performed services which Driggers was not obligated to perform under its contract with the general contractor, therefore, all of Hopper's work should not be paid for by Driggers. It appeared that there was excess material on the site which had been taken from certain excavated areas and pipes, the clean-up of which was not included in Driggers' contract. The evidence indicated and the trial court found that Driggers had employed Hopper to remove the earth to a specific level or grade and had not informed him that the removal of this excess material was not his responsibility. We find no merit in this argument that Hopper performed services for anyone except Driggers.

The judgment is affirmed.

All concur.