RCR LEASING, INC., and Doublemont Chevrolet, Inc., Appellants,

v.

HARPRING SALES AND ERECTORS, INC., and American Life and Accident Insurance Company of Kentucky, Appellees.

Court of Appeals of Kentucky.

Oct. 22, 1971.

Rehearing Denied Feb. 4, 1972.

D. Paul Alagia, Jr., Richard D. Remmers, Louisville, for appellants.

Joseph D. Raine, Edward G. Clem, Louisville, for appellees.

NEIKIRK, Judge.

This action was filed in the Jefferson Circuit Court by RCR Leasing, Inc., and Doublemont Chevrolet, Inc., Kentucky corporations, against Harpring Sales and Erectors, Inc., a Kentucky corporation, and

against Arthur Harpring, individually. The action against Arthur Harpring subsequently was dismissed. American Life and Accident Insurance Company was named as a party-defendant as it held a mortgage on the properties of RCR Leasing, Inc.

The plaintiffs sought damages from the Harpring firm on a building contract. The Harpring firm counterclaimed for the amount of an alleged balance due under the building contract.

The action was referred to and heard by a special commissioner, and the trial court entered judgment based on the special commissioner's report and recommendations. The judgment was in favor of Harpring Sales and Erectors, Inc., in the sum of $22,882.98, with interest at 6% per annum from January 3, 1966. RCR Leasing, Inc., and Doublemont Chevrolet, Inc., appeal.

Harpring Sales and Erectors, Inc., cross-appeals.

The appellants will hereinafter be referred to as "owners" and the appellee as "contractor."

This controversy grew out of the construction of a dealership Chevrolet building by the contractor on the owners' premises at 5340 Dixie Highway, Louisville, Kentucky. During the early part of the negotiations for construction of the building, the parties held many meetings. They discussed the estimated cost of the building. Changes in construction were verbally agreed upon. Negotiations as to the contract price were entered into. No written detailed contract was approved by the parties. However, in March 1965, the contractor received a letter from the owners as follows:

"DoubleMONT Chevrolet, Inc.
Telephone 774–5707   2021 Dixie Highway
Louisville, Ky.,   40210

March 18, 1965

Harpring Sales & Erectors, Inc.
988 Swan Street
Louisville, Kentucky

Gentlemen:

This letter will serve to authorize Harpring Sales & Erectors, Inc., to procede with the construction phase of the New Doublemont Chevrolet, Inc., building hereinafter referred to as general construction. It being the intent of both parties that the aforesaid phase will be incorporated in the final construction contract when design for the facility is complete.

Consideration for the above will be cost of the work plus a 10% contractor's fee with upset price to be determined when aforesaid final contract is agreed upon.

Further, it is our understanding that your cost computation and recording of any and all phases of this construction will be available to this company at any time as previously stated.

Thank you for your cooperation in this matter.

Yours respectfully,

/s/   Robert A. Montgomery
Robert A. Montgomery
Secretary-Treasurer"

Subsequently, an "AIA" contract was drafted and presented by the contractor to the owners. It contained a figure of $260,701 as the total cost. This figure is below the amount shown by the evidence as the actual cost of the construction plus 10%.

■ The owners contended that the recovery by the contractor should have been confined to recovery on the basis of quantum meruit or on the basis of promissory estoppel. The contractor contended that he was entitled to recover on a straight cost-plus-10% basis. The special commissioner and the trial court found that the parties had agreed to a cost-plus-10% basis, but with an overall limit, the amount stated in the proposed "AIA" contract. The commissioner and court also found that the owners were entitled to recover damages in the amount of $1,367.20 as cost for correcting defects of construction. The owners claimed additional damages for delay in construction, but the evidence does not support the owners' contention that time was of the essence for the completion of the construction. There was no agreement by the parties clearly establishing a completion date.

■ It is our opinion that the findings that the parties had agreed to a cost-plus-10% basis for the construction, and that the owners had sustained damage of $1,367.20 as cost for correcting defects in construction, are not clearly erroneous and are supported by the evidence. Unless clearly erroneous, we will not disturb a judgment based on supporting evidence. Driggers Construction Company v. Hopper, Ky., 447 S.W.2d 96. However, we find no basis for the conclusion that the parties had agreed on an overall limit as set forth in the proposed "AIA" contract form.

■ The offered contract was not accepted. It was not signed or agreed to by any of the parties. The mere offer of such a contract by the contractor to the owners could not be binding on any of the parties unless the contract was agreed upon and signed. Both the owners and the contractor contend, and we agree, that the finding of the special commissioner and the judgment of the trial court are clearly erroneous in fixing $260,701 as an agreed limit on the overall cost of the building.

The contractor maintains that the actual cost of the construction plus 10% was $279,470.19. The owners argue that the contractor did not produce evidence to support that figure. The final statement submitted by the contractor to the owners was for $279,470.19. Arthur C. Harpring, president of the contracting company, testified that the total amount due the contractor on the building project was $279,470.19. No objection was made by the owners to the testimony. Mr. Donald Wagner, who supervised the construction of the building, also testified that the total charges on the project were $279,470.19.

■ The owners could have challenged the testimony as to total charges by requiring the contractor to substantiate its claim by producing detailed invoices and statements of various items of cost. They failed to do this. Under their letter of March 18, 1965, hereinbefore quoted, the owners reserved the right to inspect the contractor's cost computation at any time. Thus, the owners could have inspected and challenged the contractor's cost. The final statement, bolstered by testimony, sans a demand by the owners for more definite proof, supports the conclusion that the total cost of the project was $279,470.19.

The owners had paid $237,160.32, leaving a balance of $42,309.87. We conclude that the contractor is entitled to recover of the owners the sum of $42,309.87, less $1,367.-20, the amount allowed as cost for correcting defects in construction.

The judgment imposing liability on appellants is affirmed. On appellees' cross-appeal the amount of recovery adjudged therein is erroneous; therefore, that portion of the judgment is reversed on cross-

appeal, with directions to enter judgment awarding the contractor, Harpring Sales and Erectors, Inc., the sum of $40,942.67, plus interest at 6% per annum from January 3, 1966, until paid. The judgment is affirmed in all other respects.

All concur.