**Henry Ellis CHEANEY and Ora Mae Cheaney, Appellants,**

**v.**

**Harry WRIGHT, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

William E. Johnson, Johnson, Burton & Emberton, Frankfort, for appellants.

William A. Young, Young & Williams, Frankfort, for appellee.

NEIKIRK, Judge.

This appeal involves a contract between Henry Ellis Cheaney and Ora M. Cheaney, his wife, and Harry Wright, whereby Wright agreed to construct a dwelling house for the Cheaneys on a lot in Frankfort. During the construction many problems were encountered by both parties. The Cheaneys experienced difficulty in financing the project. Wright was hard pressed to pay for the labor and materials. The obligations and responsibilities under the written contract entered into by the parties, by their own testimony, were modified in such fashion as to render the contract not controlling except as to the amount of money to be paid by the Cheaneys to Wright. The trial court found that the Cheaneys, without justification, stopped Wright in his performance of the contract and thus prevented him from completing the work undertaken; adjudged that Wright should recover from the Cheaneys $7,806.83 for the labor and materials expended by Wright and not paid for by the Cheaneys; and that Wright had a valid lien on the house and lot belonging to the Cheaneys to secure the judgment. The Cheaneys appeal. We affirm.

We consider that it would be pointless and would not contribute to the development of the law for us to make a detailed

recitation, item by item, of the various disputes between the parties that occurred during the progress of the construction of the house. We have carefully considered the evidence and examined the many exhibits and accounting calculations arrived at by the trial court. In our opinion, the findings of fact made by the trial court were supported by substantial evidence. These findings were not clearly erroneous and, therefore, under CR 52.01 are binding on appeal. The judgment based on the findings of fact contains no error of law. Hence, our only determination is to affirm the judgment. Driggers Construction Company v. Hopper, Ky., 447 S.W.2d 96; RCR Leasing, Inc. v. Harpring Sales and Erectors, Inc., Ky., 474 S.W.2d 870 (decided October 22, 1971).

The judgment is affirmed.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., OSBORNE, REED and STEINFELD, JJ., concur.

PALMORE, J., not sitting.