**Harold Wayne LUCAS, an infant 17 years of age, etc., et al., Appellants,**

**v.**

**Bruce LUCAS, Appellee.**

Court of Appeals of Kentucky.

June 15, 1973.

———◆———

Mary Jo Arterberry, Frankfort, for appellants.

Robert D. Simmons, Allender, Simmons & Robertson, Bowling Green, for appellee.

**56**

Francis D. Burke, Burke & Justice, Pikeville, Emmett G. Fields Whitesburg, for appellants.

Edward R. Hays, Baird & Hays, Pikeville, John N. Cornett, Whitesburg, for appellee.

STEINFELD, Justice.

George Lucas, the father of Harold [1] and Gerald Lucas, sued Bruce Lucas [2] to recover damages for medical expenses he incurred on their behalf and for the pain, suffering and impairment of earning power sustained by his two infant sons. He also claimed for loss of their services and exemplary damages for them. Bruce Lucas, in driving his automobile on U. S. Highway 23, collided with a motorcycle on which the two boys were riding. On a jury verdict reading "We, Jury, agree to pay George Lucas, Gerald Glen Lucas, Harold Wayne Lucas, $15,000.00," judg-

ment was entered. In pertinent part, it read " * * * that plaintiffs, Harold Wayne Lucas, an infant 17 years of age, Gerald Glen Lucas, and infant 12 years of age, suing by and through their father and next friend, George Lucas, and George Lucas, individually, recover of the defendant, Bruce Lucas, the sum of Fifteen Thousand ($15,000.00) Dollars and * * *" costs. The plaintiffs below have appealed. We affirm.

■ Appellants claim that the trial court erred in failing to direct a verdict for them. If this was error (which we have not considered), it was harmless as the jury found in their favor. Sharp v. Faulkner, 292 Ky. 179, 166 S.W.2d 62 (1942).

■ Appellants' principal complaint is to the form of the verdict. The court instructed the jury to return separate and individual verdicts, which instruction was violated. No objection was registered when the verdict was presented, however it was unsuccessfully attacked on a motion for a new trial. Appellants argue that "(i)t is impossible to tell from the verdict what amount was to be awarded to each of the plaintiffs. That being true, a valid judgment could not rest on the verdict." Appellee responds contending that the appellants, having failed to timely object, are precluded from complaining. He cites Breathitt Funeral Home v. Neace, Ky., 437 S.W.2d 490 (1969), and Anderson's Executrix v. Hockensmith, Ky., 322 S.W.2d 489 (1959). Those cases are not dispositive of the present issue. Both parties refer to Smith v. Crenshaw, Ky., 344 S.W.2d 393 (1961), in which we concluded that "(o)ur prior decisions on the question of whether a defect in a verdict is waived by failure to move that the jury be returned to the jury room to complete or correct the verdict are not consistent." There, we recon-

---

[1]. Harold Lucas became an adult during the litigation.

[2]. Appellants were not related to appellee.

sidered the issue and restated our views as follows:

"* * * in any case where the verdict is incomplete, ambiguous, inconsistent, irregular or otherwise defective the proper procedure should be that the jury be sent back to complete or correct the verdict. A motion to that end should be made by the party or parties affected by the defect. This is in accordance with the basic principle of the Rules of Civil Procedure that the trial court should be given the opportunity to correct upon the trial any errors capable of correction by it, so as to avoid the necessity of new trials.

"The problem arises, of course, where the motion is not made. The question then is whether the defect can be asserted as a ground for a new trial or as error on appeal. It is our conclusion that if the verdict makes a determination of a particular claim, and the incompleteness, ambiguity or inconsistency of the verdict relates only to the matter of the grounds upon which the determination was made or what facts were found as the basis for the determination, or arises out of the failure to determine other claims or the nature of the determination of other claims, a party to the particular claim that has been determined is not entitled to rely upon the incompleteness, ambiguity or inconsistency of the other parts of the verdict as a ground for asserting that the determination of the particular claim is contrary to law unless he has moved that the jury be sent back to complete or correct the verdict. On the other hand, if the verdict fails to determine a particular claim or is so ambiguous that it cannot be ascertained what determination has been made of the claim, the failure of a party to move that the jury be directed to complete or correct the verdict will not be treated as a waiver of the defect, because in such a case there is no basis in the verdict upon which the court can enter judgment and applying a waiver rule would not enable the court to determine in whose favor judgment should be entered."

The jury did not determine each particular claim asserted by appellants as instructed by the court and the verdict was "so ambiguous that it cannot be ascertained what determination has been made of the claim(s)." Nevertheless, there was a waiver to the extent that the claimants collectively made no protest that the total award to them was only $15,000. The verdict supports the judgment to that extent. Upon appropriate motion, the court or a jury, if demanded (CR 38.02), now may apportion the recovery.

 The appellant argues that the damages awarded were inadequate. We cannot ascertain what amount was awarded to each claimant, therefore we cannot consider this claim.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.